ORIGINAL
FILED
2015 AUG -6 A 9:09
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Julie E. Schwartz, Bar No. 260624
JSchwartz@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: 650.838.4300
Facsimile: 650.838.4350

Attorneys for Non-Party
Dropbox, Inc.

MEJ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CV 15 80211 MISC

| INTERMARINE, LLC, | Case No. |
|---|---|
| Plaintiff, | (S.D. Tex. Case No. 4:14-CV-00145) |
| v. | NON-PARTY DROPBOX, INC.'S NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION; MEMORANDUM AND POINTS OF AUTHORITIES IN SUPPORT |
| SPLIETHOFF BEVRACHTINGSKANTOOR B.V., SPLIETHOFF AMERICAS, INC., KASPER BIHLET, | |
| Defendant. | Date: September 10, 2015<br>Time: 9:00 a.m. |

BY FAX

LEGAL127101682.5     NON-PARTY DROPBOX, INC.'S MOTION TO QUASH FRCP 30(b)(6) DEPOSITION SUBPOENA

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Please take notice that on September 10, 2015, at 9:00 a.m., or as soon thereafter as this matter may be heard, in the courtroom of the Honorable _____, located at 450 Golden Gate Avenue, San Francisco, California, California resident and non-party Dropbox, Inc. ("Dropbox") will and does move this Court an order quashing the Subpoena to Testify at Deposition in a Civil Action served upon it by Plaintiff Intermarine, LLC ("Plaintiff") in *Intermarine, LLC v. Spliethoff, et al.,* 4:14-CV-00145, pending in the United States District Court for the Southern District of Texas.

Dropbox makes this motion pursuant to this Notice of Motion, Motion and Memorandum of Points and Authorities, and Declaration of John Tyler in Support thereof, filed concurrently; the files and records in this case; and any argument advanced at the hearing on this Motion.

DATED: August 5, 2015

PERKINS COIE LLP

By: *Julie E. Schwartz* (signature)
Julie E. Schwartz

Attorneys for Non-Party
DROPBOX, INC.

## MEMORANDUM AND POINTS OF AUTHORITIES

### I. INTRODUCTION

Non-Party Dropbox, Inc. ("Dropbox"), a Delaware corporation located in San Francisco, California, provides a popular document storage and sharing service through which users can collaboratively save, share, and edit documents stored "in the cloud." Dropbox has received an Subpoena to Testify at a Deposition in a Civil Action ("Deposition Subpoena") pursuant to Federal Rules of Civil Procedure 45 and 30(b)(6) from Plaintiff Intermarine, LLC ("Plaintiff") in the above-captioned action, which is currently pending as Case No. 4:14-CV-00145 in the United States District Court for the Southern District of Texas.[1]

The Deposition Subpoena is wholly improper and should be quashed. For one, the Deposition Subpoena purports to require Dropbox to designate one or more corporate representatives to explain Dropbox's business, its practices, its technology, and its data – information not at issue in this litigation and available to the general public, Plaintiff's expert and other witnesses, from Dropbox's website. Also, the Deposition Subpoena inappropriately demands that Dropbox provide one or more corporate representatives to provide testimony on the nature and format of Dropbox's data and document production – something that can be accomplished by declaration under the Federal Rules of Evidence.

Internet-based companies such as Dropbox must regularly respond to subpoenas from government, criminal prosecutors and defendants, and civil litigants. Dropbox has over 400 million users, who collectively save more than 1.2 billion files to Dropbox every 24 hours, and cannot reasonably be expected to provide testimony every time a Dropbox file or folder is at issue in a case. As a non-party with no interest in the underlying litigation, Dropbox should not have to

---

[1] Dropbox brings the instant motion in the Northern District of California because it is the "court for the district where compliance is required." Fed. R. Civ. P. 45(c)(1) (the "place of compliance" for a deposition subpoena is "within 100 miles of where the person resides, is employed, or regularly transacts business in person"); *see also Music Group Macao Commercial Offshore Limited v. Does*, ___ F. Supp. 3d ___, 2015 WL 930249 at *3 (N.D. Cal. 2015) (considering a motion to compel a Rule 45 subpoena issued to Twitter, also located in San Francisco, California, and holding that "[t]here is no question" that the motion "is properly before this court" and that the Northern District of California is the district where compliance is required.)

bear the significant burden and expense of preparing one or more corporate representatives to authenticate documents and provide free expert testimony on a host of irrelevant and proprietary topics.

Accordingly, as set forth below, Dropbox respectfully requests that the Court quash Plaintiff's Deposition Subpoena in its entirety.

## II. FACTUAL BACKGROUND

Plaintiff and Defendants Spliethoff Bevrachtingskantoor, B.V., Splietoff Americas, Inc., and Kasper Bihlet ("Bihlet") are engaged in litigation in United States District Court for the Southern District of Texas, Case No. 4:14-CV-00145. On October 31, 2014, Dropbox received a subpoena from Plaintiff demanding that Dropbox produce records associated with Bihlet's Dropbox account to Bihlet's attorney, accompanied by a written consent form. Declaration of John Tyler in Support of Non-Party Dropbox, Inc.'s Motion to Quash Subpoena to Testify at Deposition in a Civil Action ("Tyler Decl."), Exhibit A. On November 14, 2014, Dropbox sent a letter to Bihlet's attorney objecting to the subpoena because, among other things, the subpoena improperly sought the content of communications in violation of the federal Stored Communications Act ("SCA"), 18 U.S.C. § 2702(a)(1),(2), and that a written consent form was insufficient to establish ownership of the account. *Id.*, Ex. B.

On March 3, 2016, Dropbox received from Plaintiff a copy of an Order to Show Cause issued out of the Southern District of Texas. Tyler Decl., Ex. C. The Order erroneously stated that "Dropbox has not responded to the subpoena" and directed Dropbox to produce responsive records. *Id.* On March 9, 2016, Dropbox sent a letter to Plaintiff, reiterating its objections and further noting that the order was improperly issued under Federal Rule of Civil Procedure 45, which requires such orders to issue from the court for the district where compliance is required (here, this Court), and inviting the parties to meet and confer. Tyler Dec., Ex. D.

Plaintiff, Dropbox, and Bihlet met and conferred periodically between March 9 and May 7, 2015, and agreed to a consent stipulation allowing Dropbox to produce Bihlet's records

directly to him pursuant to his express, verified consent. *Id.*, Ex. E. Dropbox did so on May 19, 2015. *Id.*, ¶ 7.

On July 2, 2015, Dropbox received a draft deposition notice from Plaintiff, directing Dropbox to designate one or more employees as Persons Most Knowledgeable regarding twelve deposition topics and 26 subtopics. *Id.*, Ex. F. Counsel for Dropbox and Plaintiff discussed the deposition topics by telephone on July 14, 2015, and on July 21, 2015 Dropbox sent Plaintiff a letter objecting to the deposition notice but offering to provide a certificate of authenticity signed by a Dropbox records custodian sufficient for Plaintiff to authenticate the records at issue. *Id.*, Ex. G. On July 24, 2015, Plaintiff followed up with a request for the custodian affidavit, which Dropbox sent on July 27, 2015. *Id.*, Ex. H-I.

On July 27, 2015, Plaintiff served Dropbox with the subject Deposition Subpoena, which is substantively identical to the draft deposition notice, directing Dropbox to appear at a deposition on August 6, 2015. Tyler Decl., Ex. J. After Dropbox explained that no witness was available on August 6, 2015, the parties agreed to change the date of the deposition to August 25, 2015. *Id.*, Ex. K-L. Dropbox now brings the instant motion.

### III. ARGUMENT

#### A. Legal Standards

Fed. R. Civ. P. 45(d)(3)(A) requires the "court for the district where compliance is required" to quash a subpoena, including a deposition subpoena, that subjects a person to undue burden. "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a [nonparty] subject to the subpoena." Fed. R. Civ. P. 45(c)(1).

The "test for 'undue burden' is a balancing test that pits the need of the party for the sought production against the interests of the subpoenaed witness in resisting compliance." *See* 9 James Wm. Moore et al., Moore's Federal Practice § 45.32 (3d ed. 2007) (*citing Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 377 (5th Cir. 2004); *Northwestern*

*Mem'l Hosp. v. Ashcroft*, 362 F.3d 923, 927-28 (7th Cir. 2004); *Heidelberg Ams., Inc. v. Tokyo Seisakusho, Ltd.* 333 F.3d 38, 40 (1st Cir. 2003)).

"The Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts." *High Tech Medical Instrumentation, Inc. v. New Image Industries, Inc.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995). This is particularly so where necessary to prevent "the use of subpoenas to compel the giving of evidence and information by unretained experts." *Mattel, Inc. v. Walking Mountain Productions*, 353 F.3d 792, 814 (9th Cir. 2003) (quoting 1991 advisory committee notes to Fed. R. Civ. P. 45).

**B.    Plaintiff's Demand for a Deposition on Dropbox's Business Practices and for Expert Testimony is Unduly Burdensome.**

**1.    Topics 1 Through 7 Should be Quashed as Unduly Burdensome, Overly Broad, Vague, Ambiguous, Irrelevant, Cumulative and/or Not Reasonably Calculated to Lead to the Discovery of Admissible Evidence.**

**Topics 1 through 5.** Topics 1 through 5 demand wide-ranging testimony about Dropbox's site, services, and data retention and/or file maintenance practices, including:

- "whether Dropbox provides a personal cloud storage service which may be used to store and/or share files;"
- "whether and how a user can place files into his Dropbox;"
- "whether a user/account holder can create folders in his Dropbox;" and
- "whether, and how, the user can retrieve files deleted from his Dropbox."

*See* Ex. L to Tyler Decl. In short, the Deposition Subpoena seeks a primer on what Dropbox is and how Dropbox works.

The Deposition Subpoena should be quashed because these topics seek information that is available to Plaintiff on Dropbox's public website.[2] Courts throughout the country have quashed

---

[2] *See* Dropbox Help Center, available at https://www.dropbox.com/help. Topics relevant to Plaintiff's deposition include:
- "How do I share folders with other people?," available at https://www.dropbox.com/help/19
- "How can I tell if a file or folder is shared or private?," available at https://www.dropbox.com/help/140
- "What types of files can I store or view on Dropbox?," available at https://www.dropbox.com/help/6

-4-    NON-PARTY DROPBOX, INC.'S MOTION TO QUASH FRCP 30(b)(6) DEPOSITION SUBPOENA

federal subpoenas as unduly burdensome where they seek from a non-party discovery already available to a party. *See, e.g., Miller v. Allstate Fire & Cas. Ins. Co.*, No. 07-260, 2009 WL 700142, at *2 (W.D. Pa. Mar. 17, 2009) ("[A]n undue burden is often created where the material sought from a nonparty is easily available from a party[.]"); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) (quashing subpoena where "requests all pertain to defendant, who is a party, and, thus, plaintiffs can more easily and inexpensively obtain the documents from defendant, rather than from [the] nonparty").

The Dropbox Help Center has over 730 articles explaining how the Dropbox services work, and addresses every single category and subpart in Topics 1 through 5 of the Deposition Subpoena. For example, Topic 2(a) of the Deposition Subpoena seeks "[w]hether anything [a user] can save to his computer can be uploaded to his Dropbox, from his computer, tablet or phone." Tyler Decl., Exh. L. The Dropbox Help Center explains "[a]nything you save to your computer can be saved to your Dropbox, including all of your documents, movies, music, photos, internet downloads." Dropbox Help Center, "What types of files can I store or view on Dropbox?," available at https://www.dropbox.com/help/6. The article then goes on to list dozens of files types and the various ways they are supported on Dropbox. *Id.* The Help Center also provides specific directions for uploading files from mobile and tablet devices. *See, e.g.*, Dropbox Help Center, "How do I upload files from my phone or tablet?," available at https://www.dropbox.com/help/84. Likewise, Topic 4 and its two subparts seek information regarding "[w]hether and how the user can share folders and/or files from his Dropbox," "use of . . . 'public' folders," and whether files "can be shared with others, including non-Dropbox users." The Help Center provides well over 50 articles on "Sharing Files and Folders," including such on-point articles as "What is the Public Folder for?" and "Can I share files with non-Dropbox users?" *See* Dropbox Help Center, "Sharing Files and Folders," available at https://www.dropbox.com/help/topics/sharing_files_and_folders; *id.*, "What is the Public Folder for?," available at https://www.dropbox.com/help/16; *id.*, "Can I share files with non-Dropbox

---

- "What happens when I delete a file?," available at https://www.dropbox.com/help/115

users?," available at https://www.dropbox.com/help/20?path=sharing_files_and_folders. Because the information sought by Topics 1 through 7 is publicly available, Plaintiff or its expert could review the Dropbox website in order to provide testimony, and/or the court could take judicial notice of the same. *Datel Holdings Ltd v. Microsoft Corp.*, 712 F. Supp. 2d 974, 983-84 (N.D. Cal. 2010) (taking judicial notice of Microsoft website describing software policies).

There is simply no reason to burden Dropbox with a deposition on these issues, which are tangential to the merits of the case, particularly as the information sought is already available to the parties without Dropbox's assistance. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (the court must limit the frequency or extent of discovery if the discovery sought can be obtained from some other source that is more convenient, less burdensome, or less expensive); *Motise v. Parrish*, 297 Fed. Appx. 149, 153, 2008 WL 4672243, at *4 (3d Cir. 2008) (unpublished) (citing Fed. R. Civ. P. 26(b)(2)(C)(i) and upholding district court's decision to permit a party to submit a declaration in lieu of a deposition). Indeed, with over 400 million users saving over a billion files daily, Dropbox cannot reasonably be expected to provide free deposition testimony on how Dropbox works in every single case in which a file shared via Dropbox is at issue.

**Topics 6 and 7.** Topics 6 and 7 are similarly improper, as they demand testimony about:

- "Dropbox's practice regarding maintaining records of file activity within the user's Dropbox;" and
- "Dropbox's practice regarding maintaining the files placed into the user's Dropbox, including how long files are maintained."

These are exceedingly broad topics that cover a host of proprietary information that Dropbox should not be forced to divulge, in a case in which Dropbox has no stake, and where those policies have no apparent relevance. Moreover, the documents produced themselves reflect file activity of the user's account for the time period requested by the parties, while the Dropbox Help Center indicates that Dropbox maintains files placed into the user's account until the account or the files themselves are deleted. *See, e.g.*, Dropbox Help Center, "What happens when I delete a file?," available at https://www.dropbox.com/help/115; "What happens when I close my

account?," available at https://www.dropbox.com/help/9023. Topics 6 and 7 also have no bearing on whether Dropbox produced responsive documents relevant to the claims in this litigation. Dropbox has produced, as agreed to by all the parties, any and all (1) subscriber information regarding the account, (2) file activity information for the account from January 1, 2012 through December 26, 2013, and (3) the complete contents of files, folders and metadata of the Dropbox account from January 1, 2012 through December 26, 2013. Tyler Decl., Ex. E. Dropbox also already produced a Certificate of Authenticity consistent with Fed. R. Evid. 803(6) and 902(11) sufficient to authenticate its production. Tyler Decl., Ex. I. Further testimony regarding Dropbox's internal file maintenance practices is therefore duplicative and unwarranted, particularly because the topics involve proprietary information of a non-party.

### 2. Topics 8 Through 11 Should Be Quashed as Overly Broad, Vague, and Ambiguous Demands for Improper Expert Testimony.

Topics 8 through 11 seek testimony from Dropbox to describe the records it produced in this case.

**Topics 8 and 9.** Topics 8 and 9 seek a description of the records and generic authentication testimony about the records, such as "how they were created and/or maintained" and "whether they were kept in the normal and ordinary course of Dropbox's regularly conducted business activity."

This testimony is wholly unnecessary: the documents produced contain information recorded by Dropbox servers automatically at the time, or reasonably soon after, it was entered or transmitted by the user. *See* Tyler Decl. Ex. I; *see also* Fed. R. Evid. 803(6)(A),(B). The records were kept in the course of regularly conducted activity by Dropbox, and were made in the course of regularly conducted activity as a regular practice by Dropbox. *See* Tyler Decl. Ex. I; *see also* Fed. R. Evid. 803(6)(C),(D). Dropbox is aware of no allegation of untrustworthiness. *See, e.g.*, Fed. R. Evid. 803(6)(E). Therefore, the documents produced by Dropbox have been authenticated and Plaintiff's request for further testimony as to their authenticity is duplicative and unreasonable.

Accordingly, there can be no dispute that the documents produced by Dropbox are business records under Rule 803(6), or that Dropbox's declaration complies with Federal Rule 902(11).

**Topics 10 through 12.** Topics 10 through 12 ask for a witness to provide an "explanation" of the records produced. If Plaintiff believes that jurors will be unable to comprehend the files or the content generated by a cloud provider such as Dropbox, the appropriate course is to retain an expert witness to explain these issues to the jury. Much of this information is provided in a readme file that was contained in the production, which, as with Dropbox's website, Plaintiff or its expert could review in order to provide testimony.

Plaintiff is not entitled to elicit expert testimony from Dropbox. Indeed, "just because a party wants to make a person work as an expert does not mean that, absent the consent of the person in question, the party generally can do so." *Young v. U.S.*, 181 F.R.D. 344, 346 (W.D. Tex. 1997); *see also Mattel*, 353 F.3d at 814 (upholding district court order quashing subpoena for improper expert testimony from non-party); *Kim v. NuVasive, Inc.*, Civil No. 11cv1370–DMS (NLS), 2011 WL 3844106, at *4-5 (S.D. Cal. Aug. 29, 2011) (quashing demand for expert testimony from a non-party in order to protect expert from being required to provide expert advice or assistance without proper compensation).

Dropbox should not be subjected to the burden and expense of preparing potentially multiple corporate representatives to answer unbounded questions about the records, many of which relate to the status of Bihlet's account (information that is within his knowledge), and many of which would constitute improper expert testimony. Thus, the Deposition Subpoena should be quashed.

### IV.  CONCLUSION

For the foregoing reasons, Dropbox respectfully requests that the Court quash the Deposition Subpoena.

//

//

| | |
|---|---|
| 1   DATED: August 5, 2015 | **PERKINS COIE** LLP |
| 2 | |
| 3 | By: _Julie E. S._____ <br> Julie E. Schwartz |
| 4 | |
| 5 | Attorneys for Non-Party <br> DROPBOX, INC. |

-9-    NON-PARTY DROPBOX, INC.'S MOTION TO QUASH FRCP 30(b)(6) DEPOSITION SUBPOENA