ORIGINAL

1   Julie E. Schwartz, Bar No. 260624
    JSchwartz@perkinscoie.com
2   PERKINS COIE LLP
    3150 Porter Drive
3   Palo Alto, CA  94304-1212
    Telephone:  650.838.4300
4   Facsimile:  650.838.4350

5   Attorneys for Non-Party
    Dropbox, Inc.

6

7

8               UNITED STATES DISTRICT COURT    MEJ

9              NORTHERN DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO DIVISION

11

12  INTERMARINE, LLC,        CV 15-80211 MISC
                             Case No.
13          Plaintiff,       (S.D. Tex. Case No. 4:14-CV-00145)

14      v.                   DECLARATION OF JOHN TYLER IN
                             SUPPORT OF NON-PARTY DROPBOX,
15  SPLIETHOFF               INC.'S MOTION TO QUASH SUBPOENA
    BEVRACHTINGSKANTOOR B.V.,  TO TESTIFY AT A DEPOSITION IN A
16  SPLIETHOFF AMERICAS, INC.,  CIVIL ACTION
    KASPER BIHLET,
17                           Date:     September 10, 2015
            Defendant.       Time:     9:00 a.m.
18

19      I, John Tyler, declare and certify as follows:

20      1.      I am an attorney with the law firm of Perkins Coie LLP in Seattle, and am one of

21  the attorneys representing non-party Dropbox, Inc. in the above-entitled action.  I have personal

22  knowledge of the facts set forth in this declaration and am competent to testify.

23      2.      I am informed that on October 31, 2014, Dropbox received a subpoena duces

24  tecum from Plaintiff Intermarine, LLC ("Plaintiff"), seeking the production of certain documents

25  related to Defendant Kasper Bihlet's ("Bihlet") Dropbox account to Bihlet's attorney for use in

26  Case No. 4:14-CV-00145 currently pending in the U.S. District Court for the Southern District of

27  Texas.  A true and correct copy of this subpoena is attached as Exhibit A.

28

3.     I am informed that on November 14, 2014, Dropbox sent a letter to Bihlet's attorney objecting to the subpoena.  A true and correct copy of this letter and proof of Fed Ex delivery is attached as Exhibit B.

4.     I am informed that on March 6, 2015, Dropbox received from Plaintiff a copy of an Order to Show Cause issued by United States District Judge Lee H. Rosenthal of the U.S. District Court for the Southern District of Texas.  A true and correct copy of this order is attached as Exhibit C.

5.     On March  9, 2015, I sent a letter on behalf of Dropbox to counsel for Plaintiff and Bihlet reiterating Dropbox's earlier objections and offering to meet and confer.  A true and correct copy of this letter is attached as Exhibit D.

6.     Between March 9, 2015 and May 18, 2015, I met and conferred with counsel for Plaintiff and Bihlet via telephone and email to resolve the issues raised by the subpoena and Order to Show Cause.  On May 7, 2015, Dropbox, Plaintiff and Bihlet entered into a consent agreement whereby Bihlet would expressly consent to disclosure of his Dropbox content, and upon disclosure, Plaintiff would file a motion to rescind the Order to Show Cause.  A true and correct copy of the form of the consent agreement is attached as Exhibit E.

7.     I am informed that Bihlet expressly consented to disclosure via email on May 11, 2015, and that Dropbox produced responsive records to Bihlet pursuant to his express consent on May 19, 2015.

8.     On July 2, 2015, Dropbox received a draft deposition notice from Plaintiff, requesting Dropbox to designate one or more Persons Most Knowledgeable to testify at a deposition in early August 2015.  A true and correct copy of the draft deposition notice is attached as Exhibit F.

9.     On July 14, 2015, I met and conferred with counsel for Plaintiff by telephone to discuss the topics contained in the draft deposition notice.

10.     Only July 21, 2015, I sent a letter to counsel for Plaintiff objecting to the deposition notice, indicating that Dropbox would file a motion to quash any deposition subpoena,

DECLARATION OF JOHN TYLER ISO NON-PARTY
DROPBOX, INC.'S MOTION TO QUASH FRCP
30(b)(6) DEPOSITION SUBPOENA

1  and offering to provide a records custodian certificate of authenticity to resolve any issues of

2  admissibility and authenticity. A true and correct copy of this letter is attached as Exhibit G.

3       11.     Only July 24, 2015, counsel for Plaintiff sent me a letter asking for a custodian of

4  records affidavit.  A true and correct copy of this letter is attached as Exhibit H.

5       12.     On July 27, 2015,  Dropbox sent a custodian of records affidavit to Plaintiff, a true

6  and correct copy of which is attached as Exhibit I.

7       13.     On July 27, 2015, Dropbox received a Subpoena to Testify at a Deposition in a

8  Civil Case, demanding that Dropbox designate one or more witnesses to provide testimony on

9  August 6, 2015, regarding a list of 12 deposition topics and 26 subtopics contained in the attached

10  Notice of Trial Video Deposition of Dropbox, Inc.  A true and correct copy of this subpoena is

11  attached as Exhibit J.

12       14.     On July 28, 2015, I sent a letter to Plaintiff indicating that Dropbox objected to the

13  Deposition subpoena and intended to file a motion to quash, and further explained that Dropbox

14  had no witness available on August 6, 2015.  A true and correct copy of this letter is attached as

15  Exhibit K.

16       15.     Between July 29, 2015 and August 3, 2015, I met and conferred with counsel for

17  Plaintiff regarding the proposed deposition date.  On August 3, 2015, Plaintiff served Dropbox

18  with a new Subpoena to Testify at a Deposition in a Civil Action ("Deposition Subpoena") that

19  contains a deposition date of August 25, 2015 but is otherwise substantively identical to the prior

20  deposition subpoena.  Attached as Exhibit L is a true and correct copy of the Deposition

21  Subpoena.

22       I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true

23  and correct to the best of my knowledge.

24  DATED this 5th day of August, 2015 at Seattle, Washington

25

26                                                                John R. Tyler

27

28

-3-                    DECLARATION OF JOHN TYLER ISO NON-PARTY
                       DROPBOX, INC.'S MOTION TO QUASH FRCP
                       30(b)(6) DEPOSITION SUBPOENA

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| INTERMARINE, LLC. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  4:14-cv-00145 |
| SPLIETHOFF BEVRACHTINGSKANTOOR B.V., | ) | |
| SPLIETHOFF AMERICAS, INC., KASPER BIHLET | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    DROPBOX, INC. ATTENTION: CUSTODIAN OF RECORDS
CORPORATION SERVICE COMPANY, AS REGISTERED AGENT FOR SERVICE OF PROCESS

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: A certified copy of the records listed on the attached Exhibit A.  PLEASE SEE ATTACHED CONSENT TO DISCLOSURE OF THE CONTENTS OF STORED ELECTRONIC COMMUNICATIONS FROM ACCOUNT HOLDER/USER/ ORIGINATOR/ ADDRESSEE KASPER BIHLET

| Place: Please mail to Daniel W. Jackson (attorney for Dropbox account holder Kasper Bihlet), The Jackson Law Firm, 3900 Essex Lane, Suite 1116, HOUSTON, TX, 77027 | Date and Time:<br><br>11/14/2014 0:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    10/30/2014

     *CLERK OF COURT*

                       OR

_____      _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Intermarine, LLC
_____ , who issues or requests this subpoena, are:

Cecily L. Kaffer, The Kullman Firm, 63 South Royal Street, Suite 1100, Mobile, AL 36602, Tel: 251/432-1811

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:14-cv-00145

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*  Dropbox, Inc.

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows:   CORPORATION SERVICE
COMPANY, AS REGISTERED AGENT FOR DROPBOX, INC., 2711 CENTERVILLE RD SUITE 400,
WILMINGTON, DE 19808 _____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ _____ .

My fees are $ _____  for travel and $ _____  for services, for a total of $   0.00

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# EXHIBIT A

1.      Any and all documents uploaded to Dropbox account KBihlet@GMail.com from January 2, 2012, to December 26, 2013.

2.      Any and all documents uploaded to Dropbox account KBihlet@Hotmail.com from January 2, 2012, to December 26, 2013.

3.      Any and all documents downloaded from Dropbox account KBihlet@GMail.com from January 1, 2012, to December 26, 2013.

4.      Any   and   all   documents   downloaded   from   Dropbox   account KBihlet@Hotmail.com from January 1, 2012, to December 26, 2013.

5.      Any and all documents accessed or viewed in Dropbox account KBihlet@GMail.com from January 1, 2012, to December 26, 2013.

6.      Any and all documents accessed or viewed in Dropbox account KBihlet@Hotmail.com from January 1, 2012, to December 26, 2013.

7.      Any and all communications relating to referrals to Dropbox account KBihlet@GMail.com made by Kasper Bihlet to any other person January 1, 2012, to December 26, 2013.

8.      Any and all communications relating to referrals to Dropbox account KBihlet@Hotmail.com made by Kasper Bihlet to any other person January 1, 2012, to December 26, 2013.

9.      Any and all communications relating to links to Dropbox account KBihlet@GMail.com made by Kasper Bihlet to any other person January 1, 2012, to December 26, 2013.

Exhibit A Page 1

10.     Any and all communications relating to links to Dropbox account KBihlet@Hotmail.com made by Kasper Bihlet to any other person January 1, 2012, to December 26, 2013.

11.     An audit log of (a) storing, (b) synching, and (c) sharing activity relative to Dropbox account KBihlet@GMail.com from January 1, 2012, to December 26, 2013.

12.     An audit log of (a) storing, (b) synching, and (c) sharing activity relative to Dropbox account KBihlet@Hotmail.com from January 1, 2012, to December 26, 2013.

**ACCOUNT HOLDER/USER/ORIGINATOR/ADDRESSEE KASPER BIHLET HAS GIVEN HIS LAWFUL CONSENT TO THE DISCLOSURE OF THE CONTENTS OF HIS STORED COMMUNICATIONS.   (EXHIBIT B)**

INTERMARINE SUBPOENA TO DROPBOX EXHIBIT B

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

INTERMARINE, LLC,                        )
                                         )   CASE NO. 4:14-CV-00145
        Plaintiff                        )
                                         )
v.                                       )
                                         )
SPLIETHOFF                               )
BEVRACHTINGSKANTOOR B.V.,                )
SPLIETHOFF AMERICAS, INC., and           )
KASPER BIHLET,                           )
                                         )
        Defendants                       )

## CONSENT TO DISCLOSURE OF CONTENTS
## OF STORED ELECTRONIC COMMUNICATIONS
## BY KASPER BIHLET

My name is Kasper Bihlet. I am a defendant in the above-referenced lawsuit, and a former employee of plaintiff Intermarine, LLC. I am also the account holder of Dropbox accounts KBihlet@GMail.com and KBihlet@Hotmail.com.

I have reviewed Intermarine's subpoena to Dropbox (including Exhibit A thereto) for records and communications related to my Dropbox accounts KBihlet@GMail.com and KBihlet@Hotmail.com.

I hereby give my lawful CONSENT to the disclosure of the CONTENTS of my electronic communications to attorney Daniel Jackson in response to the subpoena served by Intermarine.

I declare under penalty of perjury or the laws of the United States of America that the foregoing is true and correct.

October 29, 2014 Kasper Bihlet _____

SWORN TO and subscribed before me

On this 29 day of _____, 2014

_____
NOTARY PUBLIC
MY COMMISSION EXPIRES: August 21st, 2018

RAKIN PATEL
MY COMMISSION EXPIRES
AUGUST 21, 2018



**Dropbox, Inc.**
185 Berry St., Suite 400
San Francisco, CA 94107
888-446-8396

November 14, 2014

**VIA FEDEX AND EMAIL**

Daniel W. Jackson
The Jackson Law Firm
3900 Essex Lane, Suite 1116
Houston, TX 77027

      Re:    *Intermarine, LLC v. Spliethoff Bevrachtingskantoor B.V., Spliethoff Americas, Inc.,*
             *Kasper Bihlet* 4:14-cv-00145 (US District Court for the Southern District of Texas)

Dear Mr. Jackson,

      Non-party Dropbox, Inc. ("Dropbox") submits the following objections to the Subpoena To

Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Civil Action (the

"Subpoena").

<strong><u>General Objections</u></strong>

      Dropbox objects that the subpoena did not provide a reasonable time for compliance.

      Dropbox objects that the subpoena fails to comply with Fed. R. Civ. P. 45(c)(2)(A).

      Dropbox objects to the extent that the Subpoena purports to impose any obligations that are

inconsistent with California or federal law.

      Dropbox objects that the Subpoena seeks information from a non-party that is in the possession

of a party.

      Dropbox objects to the Subpoena to the extent that the Subpoena seeks information that may

not be produced in civil discovery under the Electronic Communications Privacy Act ("ECPA") or other

privacy laws. 18 U.S.C. 2701.

Dropbox objects to the extent that the Subpoena seeks all documents within its possession, custody, or control. Dropbox will produce documents, if at all, that can be located after a reasonably diligent search.

Dropbox objects that the party issuing the Subpoena failed to take reasonable steps to avoid imposing undue burden or expense on Dropbox.

Dropbox objects to producing information in the absence of a protective order.

Dropbox objects to the Subpoena to the extent it calls for information protected by any privilege, including the attorney-client privilege, work product protection, or any other applicable privilege, immunity or restriction on discovery.

### Specific Objections and Responses

#### Request No. 1 for Documents to be Produced

Any and all documents uploaded to Dropbox account KBihlet@gmail.com from January 2, 2012, to December 26, 2013.

#### Response to Request No. 1 for Documents to be Produced

Dropbox objects that the request seeks the content of communications in violation of the Electronic Communications Privacy Act. Dropbox cannot provide content information in response to a civil subpoena. Dropbox objects that this request is harassing to a third party and seeks information that is in the possession of a party. Dropbox further objects that this request is overbroad, seeks irrelevant materials, imposes an undue burden, and did not provide a reasonable time for compliance.

#### Request No. 2 for Documents to be Produced

Any and all documents uploaded to Dropbox account kbihlet@hotmail.com from January 2, 2012 to December 26, 2013.

#### Response to Request No. 2 for Documents to be Produced

Dropbox objects that the request seeks the content of communications in violation of the Electronic Communications Privacy Act. Dropbox cannot provide content information in response to a civil subpoena. Dropbox objects that this request is harassing to a third party and seeks information that is in the possession of a party. Dropbox further objects that this request is overbroad, seeks irrelevant materials, imposes an undue burden, and did not provide a reasonable time for compliance.

Subject to these objections, and after conducting a reasonably diligent search, Dropbox responds that it is unable to locate information responsive to this request.

**Request No. 3 for Documents to be Produced**

Any and all documents downloaded from Dropbox account kbihlet@gmail.com from January 1, 2012 to December 26, 2013.

**Response to Request No. 3 for Documents to be Produced**

Dropbox objects that the request seeks the content of communications in violation of the Electronic Communications Privacy Act. Dropbox cannot provide content information in response to a civil subpoena. Dropbox objects that this request is harassing to a third party and seeks information that is in the possession of a party. Dropbox further objects that this request is overbroad, seeks irrelevant materials, imposes an undue burden, and did not provide a reasonable time for compliance.

**Request No. 4 for Documents to be Produced**

Any and all documents downloaded from Dropbox account kbihlet@hotmail.com from January 1, 2012 to December 26, 2013.

**Response to Request No. 4 for Documents to be Produced**

Dropbox objects that the request seeks the content of communications in violation of the Electronic Communications Privacy Act. Dropbox cannot provide content information in response to a civil subpoena. Dropbox objects that this request is harassing to a third party and seeks information that

is in the possession of a party. Dropbox further objects that this request is overbroad, seeks irrelevant materials, imposes an undue burden, and did not provide a reasonable time for compliance.

Subject to these objections, and after conducting a reasonably diligent search, Dropbox responds that it is unable to locate information responsive to this request.

**Request No. 5 for Documents to be Produced**

Any and all documents accessed or viewed in Dropbox account kbihlet@gmail.com from January 1, 2012 to December 26, 2013.

**Response to Request No. 5 for Documents to be Produced**

Dropbox objects that the request seeks the content of communications in violation of the Electronic Communications Privacy Act. Dropbox cannot provide content information in response to a civil subpoena. Dropbox objects that this request is harassing to a third party and seeks information that is in the possession of a party. Dropbox further objects that this request is overbroad, seeks irrelevant materials, imposes an undue burden, and did not provide a reasonable time for compliance.

**Request No. 6 for Documents to be Produced**

Any and all documents accessed or viewed in Dropbox account kbihlet@hotmail.com from January 1, 2012 to December 26, 2013.

**Response to Request No. 6 for Documents to be Produced**

Dropbox objects that the request seeks the content of communications in violation of the Electronic Communications Privacy Act. Dropbox cannot provide content information in response to a civil subpoena. Dropbox objects that this request is harassing to a third party and seeks information that is in the possession of a party. Dropbox further objects that this request is overbroad, seeks irrelevant materials, imposes an undue burden, and did not provide a reasonable time for compliance.

Subject to these objections, and after conducting a reasonably diligent search, Dropbox responds that it is unable to locate information responsive to this request.

**Request No. 7 for Documents to be Produced**

Any and all communications relating to referrals to Dropbox account kbihlet@gmail.com made by Kasper Bihlet to any other person January 1, 2012 to December 26, 2013.

**Response to Request No. 7 for Documents to be Produced**

Dropbox objects that the request seeks the content of communications in violation of the Electronic Communications Privacy Act. Dropbox cannot provide content information in response to a civil subpoena. Dropbox objects that this request is harassing to a third party and seeks information that is in the possession of a party. Dropbox further objects that this request is overbroad, seeks irrelevant materials, imposes an undue burden, and did not provide a reasonable time for compliance.

**Request No. 8 for Documents to be Produced**

Any and all communications relating to referrals to Dropbox account kbihlet@hotmail.com made by Kasper Bihlet to any other person January 1, 2012 to December 26, 2013.

**Response to Request No. 8 for Documents to be Produced**

Dropbox objects that the request seeks the content of communications in violation of the Electronic Communications Privacy Act. Dropbox cannot provide content information in response to a civil subpoena. Dropbox objects that this request is harassing to a third party and seeks information that is in the possession of a party. Dropbox further objects that this request is overbroad, seeks irrelevant materials, imposes an undue burden, and did not provide a reasonable time for compliance.

Subject to these objections, and after conducting a reasonably diligent search, Dropbox responds that it is unable to locate information responsive to this request.

**Request No. 9 for Documents to be Produced**

Any and all communications relating to links to Dropbox account kbihlet@gmail.com made by Kasper Bihlet to any other person between January 1, 2012 and December 26, 2013.

**Response to Request No. 9 for Documents to be Produced**

Dropbox objects that the request seeks the content of communications in violation of the Electronic Communications Privacy Act. Dropbox cannot provide content information in response to a civil subpoena. Dropbox objects that this request is harassing to a third party and seeks information that is in the possession of a party. Dropbox further objects that this request is overbroad, seeks irrelevant materials, imposes an undue burden, and did not provide a reasonable time for compliance.

**Request No. 10 for Documents to be Produced**

Any and all communications relating to links to Dropbox account kbihlet@hotmail.com made by Kasper Bihlet to any other person between January 1, 2012 and December 26, 2013.

**Response to Request No. 10 for Documents to be Produced**

Dropbox objects that the request seeks the content of communications in violation of the Electronic Communications Privacy Act. Dropbox cannot provide content information in response to a civil subpoena. Dropbox objects that this request is harassing to a third party and seeks information that is in the possession of a party. Dropbox further objects that this request is overbroad, seeks irrelevant materials, imposes an undue burden, and did not provide a reasonable time for compliance.

Subject to these objections, and after conducting a reasonably diligent search, Dropbox responds that it is unable to locate information responsive to this request.

**Request No. 11 for Documents to be Produced**

An audit log of a) storing, b) synching, and c) sharing activity relative to Dropbox account kbihlet@gmail.com from January 1, 2012 to December 26, 2013.

**Response to Request No. 11 for Documents to be Produced**

Dropbox objects that the request seeks the content of communications in violation of the Electronic Communications Privacy Act. Dropbox cannot provide content information in response to a civil subpoena. Dropbox objects that this request is harassing to a third party and seeks information that is in the possession of a party. Dropbox further objects that this request is overbroad, seeks irrelevant materials, imposes an undue burden, and did not provide a reasonable time for compliance.

**Request No. 12 for Documents to be Produced**

An audit log of a) storing, b) synching, and c) sharing activity relative to Dropbox account kbihlet@hotmail.com from January 1, 2012 to December 26, 2013.

**Response to Request No. 12 for Documents to be Produced**

Dropbox objects that the request seeks the content of communications in violation of the Electronic Communications Privacy Act. Dropbox cannot provide content information in response to a civil subpoena. Dropbox objects that this request is harassing to a third party and seeks information that is in the possession of a party. Dropbox further objects that this request is overbroad, seeks irrelevant materials, imposes an undue burden, and did not provide a reasonable time for compliance.

Subject to these objections, and after conducting a reasonably diligent search, Dropbox responds that it is unable to locate information responsive to this request.

If you have any questions, please email me at jean@dropbox.com.

Best regards,

Jean Niehaus
Legal Counsel



March 3,2015

Dear Customer:

The following is the proof-of-delivery for tracking number **771871524898**.

---

### Delivery Information:

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivery location: | 3900 ESSEX LN 1116<br>HOUSTON, TX 77027 |
| Signed for by: | J.FRANK | Delivery date: | Nov 17, 2014 11:26 |
| Service type: | FedEx Standard Overnight | | |
| Special Handling: | Deliver Weekday | | |



---

### Shipping Information:

| | | | |
|---|---|---|---|
| Tracking number: | 771871524898 | Ship date: | Nov 14, 2014 |

Recipient:
DANIEL W-JACKSON
THE JACKSON LAW FIRM
3900 ESSEX LANE
SUITE 1116
HOUSTON, TX 77027 US

Shipper:
Dropbox
Dropbox, Inc.
185 Berry Street
Ste 400
SAN FRANCISCO, CA 94107 US

Thank you for choosing FedEx.

*CSC*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| INTERMARINE, LLC, | ) | |
| Plaintiff | ) | CASE NO. 4:14-CV-00145 |
| | ) | |
| v. | ) | |
| | ) | |
| SPLIETHOFF | ) | |
| BEVRACHTINGSKANTOOR B.V., | ) | |
| SPLIETHOFF AMERICAS, INC., and | ) | |
| KASPER BIHLET, | ) | |
| | ) | |
| Defendants | ) | |

## ORDER TO PRODUCE DOCUMENTS

This matter came before the Court on the unopposed motion of plaintiff Intermarine, LLC, to compel non-party Dropbox, Inc., to produce documents.

The record reflects: that plaintiff Intermarine, LLC, properly served a subpoena on non-party Dropbox, Inc., for the production of various documents from or related to the Dropbox account maintained by defendant Kasper Bihlet, as itemized on Exhibit A to the subpoena; a consent form signed by Bihlet was served with the subpoena; the subpoena called for Dropbox to produce documents, to counsel for Bihlet on or before November 14, 2014; and non-party Dropbox has not responded to the subpoena.

Accordingly, the Court finds that plaintiff's motion is due to be GRANTED.

The Court hereby orders Dropbox to produce the following documents within ten (10) days of receipt of this order:

1. Any and all documents uploaded to Dropbox account KBihlet@GMail.com from January 2, 2012, to December 26, 2013.

2. Any and all documents uploaded to Dropbox account KBihlet@Hotmail.com from January 2, 2012, to December 26, 2013.

1

3.     Any and all documents downloaded from Dropbox account KBihlet@GMail.com from January 1, 2012, to December 26, 2013.

4.     Any and all documents downloaded from Dropbox account KBihlet@Hotmail.com from January 1, 2012, to December 26, 2013.

5.     Any and all documents accessed or viewed in Dropbox account KBihlet@GMail.com from January 1, 2012, to December 26, 2013.

6.     Any and all documents accessed or viewed in Dropbox account KBihlet@Hotmail.com from January 1, 2012, to December 26, 2013.

7.     Any and all communications relating to referrals to Dropbox account KBihlet@GMail.com made by Kasper Bihlet to any other person January 1, 2012, to December 26, 2013.

8.     Any and all communications relating to referrals to Dropbox account KBihlet@Hotmail.com made by Kasper Bihlet to any other person January 1, 2012, to December 26, 2013.

9.     Any and all communications relating to links to Dropbox account KBihlet@GMail.com made by Kasper Bihlet to any other person January 1, 2012, to December 26, 2013.

10.    Any and all communications relating to links to Dropbox account KBihlet@Hotmail.com made by Kasper Bihlet to any other person January 1, 2012, to December 26, 2013.

11.    An audit log of (a) storing, (b) synching, and (c) sharing activity relative to Dropbox account KBihlet@GMail.com from January 1, 2012, to December 26, 2013.

2

12.   An audit log of (a) storing, (b) synching, and (c) sharing activity relative to Dropbox account KBihiet@Hotmail.com from January 1, 2012, to December 26, 2013.

Plaintiff Intermarine, LLC, is directed to serve this order upon Dropbox, Inc.

Lee H. Rosenthal
United States District Judge
February 27, 2015

3

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Texas

| | |
|---|---|
| INTERMARINE, LLC.<br>*Plaintiff*<br>v.<br>SPLIETHOFF BEVRACHTINGSKANTOOR B.V.,<br>SPLIETHOFF AMERICAS, INC., KASPER BIHLET<br>*Defendant* | )<br>)<br>)   Civil Action No.  4:14-cv-00145<br>)<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     DROPBOX, INC., ATTENTION: CUSTODIAN OF RECORDS
        CORPORATION SERVICE COMPANY, AS REGISTERED AGENT FOR SERVICE OF PROCESS

*(Name of person to whom this subpoena is directed)*

☑ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: A certified copy of the records listed on the attached Exhibit A.  PLEASE SEE ATTACHED CONSENT TO DISCLOSURE OF THE CONTENTS OF STORED ELECTRONIC COMMUNICATIONS FROM ACCOUNT HOLDER/USER/ ORIGINATOR/ ADDRESSEE KASPER BIHLET

| Place: Please mail to Daniel W. Jackson (attorney for Dropbox account holder Kasper Bihlet), The Jackson Law Firm, 3900 Essex Lane, Suite 1116, HOUSTON, TX, 77027 | Date and Time:<br><br>11/14/2014 0:00 am |
|---|---|

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

   The following provisions of Fed. R. Civ. P. 45 are attached — Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    10/30/2014

| *CLERK OF COURT* | |
|---|---|
| | OR |
| _____<br>*Signature of Clerk or Deputy Clerk* | _____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Intermarine, LLC
_____, who issues or requests this subpoena, are:

Cecily L. Kaffer, The Kullman Firm, 63 South Royal Street, Suite 1100, Mobile, AL 36602, Tel: 251/432-1811

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## EXHIBIT A

1.      Any and all documents uploaded to Dropbox account KBihlet@GMail.com from January 2, 2012, to December 26, 2013.

2.      Any and all documents uploaded to Dropbox account KBihlet@Hotmail.com from January 2, 2012, to December 26, 2013.

3.      Any and all documents downloaded from Dropbox account KBihlet@GMail.com from January 1, 2012, to December 26, 2013.

4.      Any  and  all  documents  downloaded  from  Dropbox  account KBihlet@Hotmail.com from January 1, 2012, to December 26, 2013.

5.      Any  and  all  documents  accessed  or  viewed  in  Dropbox  account KBihlet@GMail.com from January 1, 2012, to December 26, 2013.

6.      Any  and  all  documents  accessed  or  viewed  in  Dropbox  account KBihlet@Hotmail.com from January 1, 2012, to December 26, 2013.

7.      Any  and  all  communications  relating  to  referrals  to  Dropbox  account KBihlet@GMail.com made by Kasper Bihlet to any other person January 1, 2012, to December 26, 2013.

8.      Any  and  all  communications  relating  to  referrals  to  Dropbox  account KBihlet@Hotmail.com made by Kasper Bihlet to any other person January 1, 2012, to December 26, 2013.

9.      Any  and  all  communications  relating  to  links  to  Dropbox  account KBihlet@GMail.com made by Kasper Bihlet to any other person January 1, 2012, to December 26, 2013.

10.     Any and all communications relating to links to Dropbox account KBihlet@Hotmail.com made by Kasper Bihlet to any other person January 1, 2012, to December 26, 2013.

11.     An audit log of (a) storing, (b) synching, and (c) sharing activity relative to Dropbox account KBihlet@GMail.com from January 1, 2012, to December 26, 2013.

12.     An audit log of (a) storing, (b) synching, and (c) sharing activity relative to Dropbox account KBihlet@Hotmail.com from January 1, 2012, to December 26, 2013.

**ACCOUNT HOLDER/USER/ORIGINATOR/ADDRESSEE KASPER BIHLET HAS GIVEN HIS LAWFUL CONSENT TO THE DISCLOSURE OF THE CONTENTS OF HIS STORED COMMUNICATIONS.   (EXHIBIT B)**

Exhibit A Page 2

INTERMARINE SUBPOENA TO DROPBOX EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

INTERMARINE, LLC                              )
                                              )   CASE NO. 4:14-CV-00135
                    Plaintiff,                )
                                              )
v.                                            )
                                              )
SPLIETHOFF                                    )
BEVRACHTINGSKANTOOR B.V.,                     )
SPLIETHOFF AMERICAS, INC., and                )
KASPER BIHLET,                                )
                                              )
                    Defendants.               )

CONSENT TO DISCLOSURE OF CONTENTS
OF STORED ELECTRONIC COMMUNICATIONS
BY KASPER BIHLET

My name is Kasper Bihlet. I am a defendant in the above-referenced lawsuit and a former employee of Plaintiff Intermarine, LLC. I am also the account holder of a Dropbox account, KBihlet@hotmail.com and KBihlet@hotmail.com.

I have reviewed Intermarine's subpoena to Dropbox (including Exhibit A thereto) for records and communications related to my Dropbox account, KBihletxxx@xxx.com, incl.KBihlet@hotmail.com.

I hereby give my lawful CONSENT for the disclosure of the CONTENTS of my electronic communications to attorney Daniel Jackson in response to the subpoena served by Intermarine.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

October 29, 2014 Kasper Bihlet [signature]

SWORN TO and subscribed before me

On this 29 day of _____ 2014.

[signature]
NOTARY PUBLIC
MY COMMISSION EXPIRES _____

KARIN PATE
MY COMMISSION EXPIRES
AUGUST 2018

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   4:14-CV-00145

PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*   DROPBOX, INC.

on *(date)*   10/31/14

☒ I served the subpoena by delivering a copy to the named person as follows:   C/O REGISTERED AGENT

CORPORATION SERVICE CO. 2711 CENTERVILLE RD. WILMINGTON, DE 19808

ACCEPTED BY: PAUL MATTHEWS (authorized person)   on *(date)*   10/31/14   ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00

I declare under penalty of perjury that this information is true.

Date:   10/31/14

_____
Server's signature

KEVIN S. DUNN
_____
Printed name and title

BRANDYWINE PROCESS SERVERS, LTD
PO BOX 1360 WILMINGTON, DE 19899
302-475-2600
_____
Server's address

Additional information regarding attempted service, etc.:

# THE KULLMAN FIRM

*A Professional Law Corporation*

www.kullmanlaw.com

Cecily L. Kaffer
clk@kullmanlaw.com

Mobile Office:

1100 Riverview Plaza
63 South Royal Street
Mobile, Alabama 36602

Post Office Box 1287
Mobile, Alabama 36633

Telephone: (251) 432-1811
Facsimile:   (251) 433-1230

March 2, 2015

Corporation Service Company
2711 Centerville Rd Suite 400
Wilmington DE 19808

Re: Dropbox, Inc.

Dear Sir or Madam:

Please find enclosed an order entered by Judge Rosenthal, United States District Court, Southern District of Texas, in Intermarine v. Spliethoff, et al, 4:14-CV-00145, compelling DropBox to comply with the subpoena served on October 31, 2014, a copy of which is enclosed for your reference.

Please note that the order and subpoena call for DropBox to mail the subject documents to:

Daniel W. Jackson
The Jackson Law Firm
3900 Essex Lane, Suite 1116
Houston, TX, 77027
Tel: (713) 522-4435

Very truly yours,

Cecily L. Kaffer

Enc. 2

BATON ROUGE OFFICE
SUITE A · 4605 BLUEBONNET BLVD.
BATON ROUGE, LOUISIANA 70809
(225) 906-4250

BIRMINGHAM OFFICE
SUITE 340 · 600 UNIVERSITY PARK PLACE
BIRMINGHAM, ALABAMA 35209
(205) 871-5858

COLUMBUS OFFICE
SUITE 704 · 200 6TH STREET NORTH,
COLUMBUS, MISSISSIPPI 39701
(662) 244-8824

JACKSON OFFICE
SUITE 120 · 1640 LELIA DRIVE
, JACKSON, MISSISSIPPI 39216
(601) 366-2990

NEW ORLEANS OFFICE
1600 ENERGY CENTRE · 1100 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70163
(504) 524-4162

# PERKINSCOIe

1201 Third Avenue
Suite 4900
Seattle, WA 98101-3099

☎ +1.206.359.8000
🖷 +1.206.359.9000
perkinscoie.com

March 9, 2015

Randy Tyler
RTyler@perkinscoie.com
D.  (206) 359-3034
F.  (206) 359-7262

**VIA EMAIL, OVERNIGHT MAIL, AND FACSIMILE**

Cecily L. Kaffer
The Kullman Firm
63 South Royal Street, Suite 1100
Mobile, AL 36602
Email Address: clk@kullmanlaw.com

Daniel W. Jackson
The Jackson Law Firm
3900 Essex Lane, Suite 1116
Houston, TX 77027
Fax Number: (713) 527-8850

**Re:    Subpoena for Dropbox Records, *Intermarine, LLC. v. Spliethoff Bevrachtingskantoor B.V., et al.*, United States District Court for the Southern District of Texas, Case No. 4:14-cv-00145**

Dear Ms. Kaffer and Mr. Jackson:

We represent non-party Dropbox, Inc., and respond to the subpoena and court order served on Dropbox in this matter. The subpoena and order seek various communications and records related to a Dropbox user account between the dates of January 2, 2012 and December 26, 2013, accompanied by a document purportedly signed by the accountholder consenting to disclosure of the records. Because the order incorrectly suggests that Dropbox did not respond to the subpoena, we write to correct the record, object as further described below, and propose an alternative resolution that avoids the need for motion practice.

Contrary to the representation that Dropbox "has not responded to the subpoena,"[1] Dropbox in fact objected to the subpoena on November 14, 2014.[2] Dropbox sent its objection letter to Mr. Jackson, the attorney to whom the subpoena directed production. A copy of the letter is attached

---

[1] *See* Order to Produce Documents at 1.

[2] *See* Fed. R. Civ. P. 45(2)(B) (allowing subpoena recipient to serve objections on "the party or attorney designated in the subpoena.")

Cecily L. Kaffer
Daniel W. Jackson
March 9, 2015
Page 2

hereto. Dropbox therefore objects to the order you obtained because Dropbox was neither given notice or an opportunity to respond to your motion to compel, as required under Rule 45.[3]

However, in order to resolve this matter amicably, Dropbox will agree to voluntarily comply with a stipulated court order that requires the accountholder to consent to disclosure through the email address(es) associated with the accountholder's Dropbox account(s). Among other things, the stipulated order would require the subscriber to send specified language via email to counsel for Dropbox, after which Dropbox could disclose reasonably available, responsive records. If this is acceptable to you in principle, I will provide you with a proposed stipulated order.

In the meantime, Dropbox expressly preserves and does not waive any available objections, including as stated in its November 14, 2014 letter to Mr. Jackson, and as further set forth below.

For example, Dropbox objects that the subpoena and order ignore the jurisdictional requirements of Rule 45, which require production within 100 miles of where Dropbox "resides, is employed, or regularly transacts business in person."[4] Dropbox is located in San Francisco, California; accordingly, the subpoena must call for production in California, and any litigation regarding the subpoena must take place in the Northern District of California.[5]

Moreover, Dropbox objects to the subpoena and order because the federal Stored Communications Act prohibits Dropbox from disclosing communications content.[6] While

---

[3] Fed. R. Civ. P. 45(d)(2)(B)(i) ("At any time, *on notice to the commanded person*, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.") (emphasis added).

[4] Fed. R. Civ. P. 45(c)(2)(a) (stating that the "place of compliance" must be "within 100 miles" of where the subpoenaed party "transacts business in person.").

[5] Fed. R. Civ. P. 45(d)(2)(B)(i) (upon objection, motion to compel must be made in "the court for the district where compliance is required"); Fed. R. Civ. P. 45(c)(2)(a) ("place of compliance" must be "within 100 miles" of where the subpoenaed party "transacts business in person.").

[6] 18 U.S.C. § 2702(a)(1),(2)); *See also, Suzlon Energy Ltd. v. Microsoft Corp.*, 671 F.3d 726, 730 (9th Cir. 2011) (Non-governmental entities may not obtain the content of communications with a civil discovery demand because it would invade "the specific interests that the [SCA] seeks to protect."); *Theofel v. Farey-Jones*, 359 F.3d 1066, 1073-74 (9th Cir. 2004) (Civil discovery demand for content is not valid legal process under the SCA.); *Fontenot v. Brouillette*, No. 4:10-CV- 01053, slip op. at 2 (S.D. Tex. Feb. 9, 2012) ("The SCA contains no exceptions for civil discovery."); *Special Mkts. Ins. Consultants, Inc. v. Lynch*, No. 11 C 9181, 2012 WL 1565348, at *2-3 (N.D. Ill. May 2, 2012) (holding that civil subpoenas are barred by the SCA, and a request for 18 months of content is improper in any event; proper course is to issue request for production to the user); *J.T. Shannon Lumber Co. v. Gilco Lumber, Inc.*, No. 2:07-CV- 119, 2008 WL 3833216, at *1 (N.D. Miss. Aug. 14, 2008) ("[T]here is no exception to th[e SCA's] statutory prohibition against disclosure pursuant to a civil discovery subpoena."); *In re*

Cecily L. Kaffer
Daniel W. Jackson
March 9, 2015
Page 3

consent may permit Dropbox to disclose content, such disclosure is voluntary and Dropbox is therefore not required to honor signed consent forms.[7]

Dropbox further objects that the subpoena and order improperly seek from a non-party information that is equally available from a party to the case. Courts have recognized that the proper way to obtain the contents of a litigant's electronic communications is to issue a request for production directly to the litigant.[8] The Dropbox account(s) at issue purportedly belong to a Defendant in this case, who is not subject to the SCA's disclosure prohibitions and is in the best position to preserve, produce, and authenticate the content of his or her account(s).

In addition, Dropbox objects that the subpoena and order are overbroad, vague, unduly burdensome, and seek records that are not reasonably accessible. For example, and as explained in Dropbox's prior objection letter, Dropbox has no reasonably available records responsive to Requests for Production 2, 4, 6, 8, 10, and 12.

Finally, Dropbox objects to the extent the subpoena and order seek confidential, proprietary, or otherwise privileged information.

Please feel free to contact me if you have any questions.

---

*Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 611-12 (E.D. Va. 2008) (same); *O'Grady v. Superior Court*, 139 Cal. App. 4th 1423, 1441-47 (2006) (same).

[7] 18 U.S.C. § 2702(b)(3) (stating that a provider "may" disclose content with the consent of a subscriber); *In re Facebook, Inc.*, 923 F. Supp. 2d 1204, 1206 (N.D. Cal. Sept. 20, 2012) ("Under the plain language of Section 2702, while consent may permit production by a provider, it may not require such a production.") (emphasis in original).

[8] *Suzlon*, 671 F.3d at 731 (noting that the inability to obtain documents from a provider does not affect the ability to obtain the documents directly from the user); *Giacchetto v. Patchogue-Medford Union Free Sch. Dist.*, --- F.R.D. --- -, 2013 WL 2897054, at *5 (E.D.N.Y. May 6, 2013) ("[T]he Court sees no basis at this time why Defendant should go through a third-party provider to access Plaintiff's social networking postings when Plaintiff has access to this information herself.") (collecting cases directing parties to produce Facebook records themselves); *Reid v. Ingerman Smith LLP*, No. CV 2012–0307, 2012 WL 6720752, at *3 (E.D.N.Y. Dec. 27, 2012) ("Plaintiff must produce for her counsel all social media posts, communications and photographs made since January 2008. Counsel must review the records and produce information to defendants that is relevant as outlined in this Order to respond to Interrogatory 16 and Document Request 5."); *O'Grady*, 139 Cal. App. 4th at 1446 ("Responding . . . routine subpoenas would indeed be likely to impose a substantial new burden on service providers.").

111630-0001.0004/LEGAL125251749.2

Cecily L. Kaffer
Daniel W. Jackson
March 9, 2015
Page 4


Sincerely,

Randy Tyler

JRT:JRT



Dropbox, Inc.
185 Berry St., Suite 400
San Francisco, CA 94107
888-446-8396

November 14, 2014

**VIA FEDEX AND EMAIL**

Daniel W. Jackson
The Jackson Law Firm
3900 Essex Lane, Suite 1116
Houston, TX 77027

>  Re:  *Intermarine, LLC v. Spliethoff Bevrachtingskantoor B.V., Spliethoff Americas, Inc.,*
>  *Kasper Bihlet* **4:14-cv-00145 (US District Court for the Southern District of Texas)**

Dear Mr. Jackson,

Non-party Dropbox, Inc. ("Dropbox") submits the following objections to the Subpoena To Produce Documents, Information, Or Objects Or To Permit Inspection Of Premises In A Civil Action (the "Subpoena").

## General Objections

Dropbox objects that the subpoena did not provide a reasonable time for compliance.

Dropbox objects that the subpoena fails to comply with Fed. R. Civ. P. 45(c)(2)(A).

Dropbox objects to the extent that the Subpoena purports to impose any obligations that are inconsistent with California or federal law.

Dropbox objects that the Subpoena seeks information from a non-party that is in the possession of a party.

Dropbox objects to the Subpoena to the extent that the Subpoena seeks information that may not be produced in civil discovery under the Electronic Communications Privacy Act ("ECPA") or other privacy laws. 18 U.S.C. 2701.