Dropbox objects to the extent that the Subpoena seeks all documents within its possession, custody, or control. Dropbox will produce documents, if at all, that can be located after a reasonably diligent search.

Dropbox objects that the party issuing the Subpoena failed to take reasonable steps to avoid imposing undue burden or expense on Dropbox.

Dropbox objects to producing information in the absence of a protective order.

Dropbox objects to the Subpoena to the extent it calls for information protected by any privilege, including the attorney-client privilege, work product protection, or any other applicable privilege, immunity or restriction on discovery.

## Specific Objections and Responses

### Request No. 1 for Documents to be Produced

Any and all documents uploaded to Dropbox account KBihlet@gmail.com from January 2, 2012, to December 26, 2013.

### Response to Request No. 1 for Documents to be Produced

Dropbox objects that the request seeks the content of communications in violation of the Electronic Communications Privacy Act. Dropbox cannot provide content information in response to a civil subpoena. Dropbox objects that this request is harassing to a third party and seeks information that is in the possession of a party. Dropbox further objects that this request is overbroad, seeks irrelevant materials, imposes an undue burden, and did not provide a reasonable time for compliance.

### Request No. 2 for Documents to be Produced

Any and all documents uploaded to Dropbox account kbihlet@hotmail.com from January 2, 2012 to December 26, 2013.

### Response to Request No. 2 for Documents to be Produced

Dropbox objects that the request seeks the content of communications in violation of the Electronic Communications Privacy Act. Dropbox cannot provide content information in response to a civil subpoena. Dropbox objects that this request is harassing to a third party and seeks information that is in the possession of a party. Dropbox further objects that this request is overbroad, seeks irrelevant materials, imposes an undue burden, and did not provide a reasonable time for compliance.

Subject to these objections, and after conducting a reasonably diligent search, Dropbox responds that it is unable to locate information responsive to this request.

**Request No. 3 for Documents to be Produced**

Any and all documents downloaded from Dropbox account kbihlet@gmail.com from January 1, 2012 to December 26, 2013.

**Response to Request No. 3 for Documents to be Produced**

Dropbox objects that the request seeks the content of communications in violation of the Electronic Communications Privacy Act. Dropbox cannot provide content information in response to a civil subpoena. Dropbox objects that this request is harassing to a third party and seeks information that is in the possession of a party. Dropbox further objects that this request is overbroad, seeks irrelevant materials, imposes an undue burden, and did not provide a reasonable time for compliance.

**Request No. 4 for Documents to be Produced**

Any and all documents downloaded from Dropbox account kbihlet@hotmail.com from January 1, 2012 to December 26, 2013.

**Response to Request No. 4 for Documents to be Produced**

Dropbox objects that the request seeks the content of communications in violation of the Electronic Communications Privacy Act. Dropbox cannot provide content information in response to a civil subpoena. Dropbox objects that this request is harassing to a third party and seeks information that

is in the possession of a party. Dropbox further objects that this request is overbroad, seeks irrelevant materials, imposes an undue burden, and did not provide a reasonable time for compliance.

Subject to these objections, and after conducting a reasonably diligent search, Dropbox responds that it is unable to locate information responsive to this request.

**Request No. 5 for Documents to be Produced**

Any and all documents accessed or viewed in Dropbox account kbihlet@gmail.com from January 1, 2012 to December 26, 2013.

**Response to Request No. 5 for Documents to be Produced**

Dropbox objects that the request seeks the content of communications in violation of the Electronic Communications Privacy Act. Dropbox cannot provide content information in response to a civil subpoena. Dropbox objects that this request is harassing to a third party and seeks information that is in the possession of a party. Dropbox further objects that this request is overbroad, seeks irrelevant materials, imposes an undue burden, and did not provide a reasonable time for compliance.

**Request No. 6 for Documents to be Produced**

Any and all documents accessed or viewed in Dropbox account kbihlet@hotmail.com from January 1, 2012 to December 26, 2013.

**Response to Request No. 6 for Documents to be Produced**

Dropbox objects that the request seeks the content of communications in violation of the Electronic Communications Privacy Act. Dropbox cannot provide content information in response to a civil subpoena. Dropbox objects that this request is harassing to a third party and seeks information that is in the possession of a party. Dropbox further objects that this request is overbroad, seeks irrelevant materials, imposes an undue burden, and did not provide a reasonable time for compliance.

Subject to these objections, and after conducting a reasonably diligent search, Dropbox responds that it is unable to locate information responsive to this request.

**Request No. 7 for Documents to be Produced**

Any and all communications relating to referrals to Dropbox account kbihlet@gmail.com made by Kasper Bihlet to any other person January 1, 2012 to December 26, 2013.

**Response to Request No. 7 for Documents to be Produced**

Dropbox objects that the request seeks the content of communications in violation of the Electronic Communications Privacy Act. Dropbox cannot provide content information in response to a civil subpoena. Dropbox objects that this request is harassing to a third party and seeks information that is in the possession of a party. Dropbox further objects that this request is overbroad, seeks irrelevant materials, imposes an undue burden, and did not provide a reasonable time for compliance.

**Request No. 8 for Documents to be Produced**

Any and all communications relating to referrals to Dropbox account kbihlet@hotmail.com made by Kasper Bihlet to any other person January 1, 2012 to December 26, 2013.

**Response to Request No. 8 for Documents to be Produced**

Dropbox objects that the request seeks the content of communications in violation of the Electronic Communications Privacy Act. Dropbox cannot provide content information in response to a civil subpoena. Dropbox objects that this request is harassing to a third party and seeks information that is in the possession of a party. Dropbox further objects that this request is overbroad, seeks irrelevant materials, imposes an undue burden, and did not provide a reasonable time for compliance.

Subject to these objections, and after conducting a reasonably diligent search, Dropbox responds that it is unable to locate information responsive to this request.

**Request No. 9 for Documents to be Produced**

Any and all communications relating to links to Dropbox account kbihlet@gmail.com made by Kasper Bihlet to any other person between January 1, 2012 and December 26, 2013.

**Response to Request No. 9 for Documents to be Produced**

Dropbox objects that the request seeks the content of communications in violation of the Electronic Communications Privacy Act. Dropbox cannot provide content information in response to a civil subpoena. Dropbox objects that this request is harassing to a third party and seeks information that is in the possession of a party. Dropbox further objects that this request is overbroad, seeks irrelevant materials, imposes an undue burden, and did not provide a reasonable time for compliance.

**Request No. 10 for Documents to be Produced**

Any and all communications relating to links to Dropbox account kbihlet@hotmail.com made by Kasper Bihlet to any other person between January 1, 2012 and December 26, 2013.

**Response to Request No. 10 for Documents to be Produced**

Dropbox objects that the request seeks the content of communications in violation of the Electronic Communications Privacy Act. Dropbox cannot provide content information in response to a civil subpoena. Dropbox objects that this request is harassing to a third party and seeks information that is in the possession of a party. Dropbox further objects that this request is overbroad, seeks irrelevant materials, imposes an undue burden, and did not provide a reasonable time for compliance.

Subject to these objections, and after conducting a reasonably diligent search, Dropbox responds that it is unable to locate information responsive to this request.

**Request No. 11 for Documents to be Produced**

An audit log of a) storing, b) synching, and c) sharing activity relative to Dropbox account kbihlet@gmail.com from January 1, 2012 to December 26, 2013.

**Response to Request No. 11 for Documents to be Produced**

Dropbox objects that the request seeks the content of communications in violation of the Electronic Communications Privacy Act. Dropbox cannot provide content information in response to a civil subpoena. Dropbox objects that this request is harassing to a third party and seeks information that is in the possession of a party. Dropbox further objects that this request is overbroad, seeks irrelevant materials, imposes an undue burden, and did not provide a reasonable time for compliance.

**Request No. 12 for Documents to be Produced**

An audit log of a) storing, b) synching, and c) sharing activity relative to Dropbox account kbihlet@hotmail.com from January 1, 2012 to December 26, 2013.

**Response to Request No. 12 for Documents to be Produced**

Dropbox objects that the request seeks the content of communications in violation of the Electronic Communications Privacy Act. Dropbox cannot provide content information in response to a civil subpoena. Dropbox objects that this request is harassing to a third party and seeks information that is in the possession of a party. Dropbox further objects that this request is overbroad, seeks irrelevant materials, imposes an undue burden, and did not provide a reasonable time for compliance.

Subject to these objections, and after conducting a reasonably diligent search, Dropbox responds that it is unable to locate information responsive to this request.

If you have any questions, please email me at jean@dropbox.com.

Best regards,

Jean Niehaus
Legal Counsel

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **INTERMARINE, LLC,** | ) |
| | ) **CASE NO. 4:14-CV-00145** |
| **Plaintiff** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **SPLIETHOFF** | ) |
| **BEVRACHTINGSKANTOOR B.V.,** | ) |
| **SPLIETHOFF AMERICAS, INC., and** | ) |
| **KASPER BIHLET,** | ) |
| | ) |
| **Defendants** | ) |

**CONSENT TO DISCLOSURE OF CONTENTS**
**OF STORED ELECTRONIC COMMUNICATIONS**
**BY KASPER BIHLET**

1.     My name is Kasper Bihlet.  I am a defendant in the above referenced lawsuit, and a former employee of plaintiff Intermarine, LLC

2.     I created the Dropbox account associated with the email address KBihlet@gmail.com and am the sole account holder for this account (the "Dropbox Account").

3.     I consent to Dropbox, Inc. disclosing to my attorney, Daniel W. Jackson, the following information: (1) subscriber information regarding the Dropbox Account; (2) the file activity information for the Dropbox Account including files names and the dates files were added, edited, and or deleted from January 1, 2012, through December 26, 2013; and (3) the complete contents of files, folders, and metadata of the Dropbox Account, that were added, edited, and or deleted from January 1, 2012 through December 26, 2013.

4.     Dropbox shall deliver this information to:

Daniel W. Jackson, The Jackson Law Firm, either via email to daniel@jacksonlaw-tx.com, or via physical delivery to 3900 Essex Lane, Suite 1116, Houston, TX 77027.

5.     The consent provided herein constitutes lawful consent made pursuant to, and in accordance with, 18 U.S.C. § 2702(b)(3).  I acknowledge that the Dropbox Account contains the content of communications.  I am the originator, addressee or intended recipient of any such communications.  I was also the subscriber of the Dropbox Account.

6.     I knowingly and voluntarily provide this consent and represent that I had the opportunity to consult with counsel before executing this consent.

7.     I release Dropbox, Inc. (including its employees, officers, directors, successors and assigns) from any and all liability for providing information in accordance with this consent.

8.     I agree not to sue Dropbox, Inc. (including its employees, officers, directors, successors and assigns) for any claims, whether known or unknown, for providing information in accordance with this consent.  I also waive any claims, whether known or unknown, against Dropbox, Inc. (including its employees, officers, directors, successors and assigns) for providing information in accordance with this consent.  This covenant not to sue and waiver extends to my heirs and assigns.

9.     I will return this executed consent form to Dropbox, Inc. via email from the email address KBihlet@gmail.com to legal@dropbox.com.


I declare under penalty of perjury of the laws of the United States of America that the factual statements within this consent are true and correct to the best of my knowledge and belief.

April ___, 2015     Kasper Bihlet _____

**SWORN TO and subscribed before me**

**On this ____ day** of April**, 2015**


_____
**NOTARY PUBLIC**
**MY COMMISSION EXPIRES:_____**

Cecily L. Kaffer
clk@kullmanlaw.com

# The Kullman Firm
*A Professional Law Corporation*

www.kullmanlaw.com

Mobile Office:
63 South Royal Street
Suite 1100
Mobile, Alabama 36602

Post Office Box 1287
Mobile, Alabama 36633

Telephone:   (251) 432-1811
Facsimile:   (251) 433-1230

May 7, 2015

Mr. Daniel W. Jackson
daniel@jacksonlaw-tx.com

**Re:    Intermarine v. Spliethoff Bevrachtingskantoor, BV., et al.**

Dear Mr. Jackson:

As you know, Intermarine sought an order compelling DropBox to produce documents after properly serving a subpoena on DropBox, and receiving no response.  DropBox contends that it has grounds to contest the February 27, 2015, *Order to Produce Documents,* but is open to an informal resolution.  DropBox wants Bihlet to email specific language to its legal department, and also wants to void the February 27, 2015, order.

Consequently, I propose that we resolve these issues on the following terms, which are agreeable to DropBox:

1.      By no later than May 8, 2015, Bihlet will cause an email message to be sent from the email account, KBihlet@gmail.com, to Dropbox via its counsel at legal@dropbox.com.   Bihlet's email will include as an attachment the executed consent form attached to this letter.  Intermarine's counsel shall be provided with a contemporaneous copy of Bihlet's email and executed attachment.

2.      Within ten (10) business days of receiving this account verification and express consent email from the account KBihlet@gmail.com, Dropbox shall disclose the Records to the account holder's attorney, Daniel W. Jackson, The Jackson Law Firm, via email to daniel@jacksonlaw-tx.com, or via physical delivery to 3900 Essex Lane, Suite 1116, Houston, TX, 77027, and shall simultaneously notify counsel for Intermarine that the records have been provided.

3.      Following said disclosure, Intermarine will file the attached motion asking the Court to rescind the order entered on February 27, 2015.

Letter to Daniel W. Jackson
May 7, 2015
Page 2 of 2

4.      Within five (5) business days of receiving the Records, Bihlet shall provide to Intermarine (1) subscriber information regarding the Dropbox Account; and (2) the file activity information, from January 1, 2012, to December 26, 2013, for all non-personal and non-privileged files within the Dropbox Account including files names and the dates files were added, edited, and or deleted.  Within seven (7) business days of receiving the Records, Bihlet shall provide to Intermarine (3) all non-personal and non-privileged documents, from January 1, 2012, to December 26, 2013, together with metadata, from the complete contents of files, folders, and metadata of the Dropbox Account.

If this proposal is agreeable to you, please sign below, and return to me, and have your client send the email and executed consent form to DropBox.

Very truly yours,

*Cecily L. Kaffer*

CLK/ieh

Agreed:

_____
Daniel W. Jackson
Attorney for defendant Kasper Bihlet

cc: Mr. William A. Durham
durham@easthamlaw.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **INTERMARINE, LLC,** | ) | |
| **Plaintiff** | ) | **CASE NO. 4:14-CV-00145** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SPLIETHOFF** | ) | |
| **BEVRACHTINGSKANTOOR B.V.,** | ) | |
| **SPLIETHOFF AMERICAS, INC., and** | ) | |
| **KASPER BIHLET,** | ) | |
| | ) | |
| **Defendants** | ) | |

**UNOPPOSED MOTION TO RESCIND ORDER TO PRODUCE DOCUMENTS**

Plaintiff Intermarine, LLC, respectfully requests the Court to rescind the *Order to Produce Documents* entered on February 27, 2015, (Doc. 92).   As grounds, Intermarine states that Intermarine, Defendant Bihlet, and Dropbox have conferred regarding Intermarine's subpoena to Dropbox.  Dropbox has produced the requested records pursuant to the user's lawful consent and to a letter agreement, obviating the need for litigation over this matter. A copy of the letter agreement is attached as Exhibit A.

WHEREFORE, Intermarine respectfully requests the Court to rescind the *Order to Produce Documents* entered on February 27, 2015, (Doc. 92).

/s/_____
**Cecily L. Kaffer,** pro hac vice
**Attorney in charge for Plaintiff**

The Kullman Firm, PLC
Post Office Box 1287
Mobile, Alabama 36633
Telephone:  (251) 432-1811
clk@kullmanlaw.com

1

OF COUNSEL:

SAMUEL ZURIK, III
Texas Bar No. LA24716

BRENDAN M. GREENE
Fed. ID #2449592

The Kullman Firm
A Professional Law Corporation

Post Office Box 60118
New Orleans, LA 70160
Telephone:  (504) 524-4162
sz@kullmanlaw.com
bmg@kullmanlaw.com

## CERTIFICATE OF SERVICE

I certify that on _____, I electronically filed the foregoing with the Clerk of the Court using the CMECF system which will send notification of such filing to the following:

William A. Durham
Eastham, Watson, Dale & Forney, L.L.P.
The Niels Eperson Building
808 Travis Street, Ste. 1300
Houston, TX 77002
durham@easthamlaw.com

Daniel W. Jackson
The Jackson Law Firm
3900 Essex Lane, Suite 1116
Houston, Texas 77027
daniel@jacksonlaw-tx.com

/s/ _____

2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **INTERMARINE, LLC,** | ) | |
| | ) | **CASE NO. 4:14-CV-00145** |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SPLIETHOFF** | ) | |
| **BEVRACHTINGSKANTOOR B.V.,** | ) | |
| **SPLIETHOFF  AMERICAS, INC., and** | ) | |
| **KASPER BIHLET,** | ) | |
| | ) | |
| **Defendants** | ) | |

**ORDER**

This matter came before the Court on the unopposed motion of plaintiff Intermarine, LLC, to rescind the *Order to Produce Documents,* entered on February 27, 2015.   After review, the Court finds that the motion is due to be, and hereby is, granted.   The Court's February 27, 2015, *Order to Produce Documents,* (Doc. 92) is hereby rescinded.

_____
LEE H. ROSENTHAL
UNITED STATES DISTRICT JUDGE

3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **INTERMARINE, LLC,** | ) |
| | ) |
| | ) **CASE NO. 4:14-CV-00145** |
| **Plaintiff** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **SPLIETHOFF** | ) |
| **BEVRACHTINGSKANTOOR B.V.,** | ) |
| **SPLIETHOFF  AMERICAS, INC., and** | ) |
| **KASPER BIHLET,** | ) |
| | ) |
| **Defendants** | ) |

**Notice of Trial Deposition of Dropbox, Inc.**

To:     Court Reporter pending

     William A. Durham
     Eastham, Watson, Dale & Forney, L.L.P.
     The Niels Eperson Building
     808 Travis Street, Ste. 1300
     Houston, TX 77002

     Daniel W. Jackson
     The Jackson Law Firm
     3900 Essex Lane, Suite 1116
     Houston, Texas 77027

     Randy Tyler | Perkins Coie LLP
     1201 Third Avenue Suite 4900
     Seattle, WA 98101-3099

Deponent:  Non-party Dropbox, Inc.

Date:  August __, 2015

Time:  1:30 p.m. PT

Location: TBD, San Francisco, CA

TAKE NOTICE that, for the purpose of use at trial, counsel for Plaintiff Intermarine, LLC will take the deposition of non-party Dropbox, Inc., at _____, _____, San Francisco, California, before an officer authorized to take depositions and swear witnesses, commencing on the above-stated date and time and continuing from day to day until completed. You are invited to attend and participate.

Pursuant to Rule 30(b)(6), *Fed.R.Civ.P.*, plaintiff Intermarine, LLC, requests Dropbox, Inc., to designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf on the following topics:

1. Whether Dropbox provides a personal cloud storage service which may be used to store and/or share files.

2. Whether and how a user can place files into his Dropbox, including:

   a. whether anything he can save to his computer can be uploaded to his Dropbox, from his computer, tablet or phone; and

   b. whether and how anyone else can place files into his Dropbox.

3. Whether and how a user/account holder can create folders in his Dropbox, including:

   a. how such folders are named, and by whom; and

   b. whether and how anyone else can create or name folders in his Dropbox.

4. Whether and how the user can share folders and/or files from his Dropbox, including:

   a. the use of "share" and "public" folders;

   b. whether files within "public" folders can be shared with others, including non-Dropbox users, by email.

5. Whether, and how, the user can retrieve files deleted from his Dropbox.

6. Dropbox's practice regarding maintaining records of the file activity within the user's Dropbox.

7. Dropbox's practice regarding maintaining the files placed into the user's Dropbox, including how long files are maintained.

2

8.    Dropbox's response to the non-party subpoena served by Intermarine, LLC, attached hereto as Exhibit A, which requested records pertaining to Dropbox account KBihlet@GMail.com, including:

    a. confirmation that the records produced by Dropbox to counsel for defendant Kasper Bihlet on May 25, 2015, are those attached and referred to as "the Exhibit B records;" and

    b. whether the deponent has authority to certify the Exhibit B records.

9.    The  Exhibit B records, including:

    a. how and when they were created and/or maintained;

    b. whether they were kept in the normal and ordinary course of Dropbox's regularly conducted business activity;

    c. whether making and maintaining these records is a regular practice and custom of Dropbox;

    d. whether the data in the csv files was recorded at or near the time of the transactions recorded therein, by: a person or persons with a business duty to record these matters; or  a process or processes designed and implemented by such persons, including information regarding the accuracy and reliability of such process;

    e. whether the csv files are true and correct copies of Dropbox's data relative  to activity within Kbihlet@gmail.com;

    f. an explanation of the files "readme," "userinfo,"  "sharedfolderinfo," and "How to use the Public Folder;" and

    g. whether the remaining documents are true and correct copies of the documents uploaded to the account.

10.    The user information for KBihlet@GMail.com, including account holder name, email address, user ID, date joined, subscription status, login timestamps and IPs, and linked computer information.

11.    An explanation of the csv files in the Exhibit 2 records, including:

    a. whether the csv files contain the file activity for the account;

    b. whether csv file 107448143 represents the root folder for the account;

    c. whether csv file 237697333 represents  a subfolder within the root account;

3

    a. whether csv file 288096576  represents  a subfolder within the root account;

    b. whether csv file 340380823 represents a subfolder within the root account;

    c. whether each such folder is a share folder; and

    d. whether each such folder is active.

12.    An explanation of the columns within the csv files in the Exhibit 2 records, including;

    a. the "timestamp" column, and whether that column shows the time the change took place;

    b. the "user id" column, and whether that shows the user id of the person who made the change;

    c. the "path (in Dropbox) of the file" column, and whether that shows the folder within which the file was stored; and

    d. the "size of the file" column, including an explanation of the entries in the column (-1, 0, or a positive number).

/s/ draft
CECILY L. KAFFER pro hac vice
Attorney in charge for Plaintiff
The Kullman Firm, PLC
Post Office Box 1287
Mobile, Alabama 36633
Telephone: (251) 432-1811
Facsimile: (251) 433-1230
clk@kullmanlaw.com

OF COUNSEL:

SAMUEL ZURIK, III
Texas Bar No. LA24716
BRENDAN M. GREENE
The Kullman Firm, PLC
Post Office Box 60118
New Orleans, LA 70160
Telephone: (504) 524-4162
sz@kullmanlaw.com
bmg@kullmanlaw.com

4

## CERTIFICATE OF SERVICE

I certify that on draft, I emailed the above document to counsel for all parties, as follows:

William A. Durham
durham@easthamlaw.com

Daniel W. Jackson
daniel@jacksonlaw-tx.com



/s/ draft
CECILY L. KAFFER

5

**PERKINSCOIE**

1201 Third Avenue      **①** +1.206.359.8000
Suite 4900      **②** +1.206.359.9000
Seattle, WA 98101-3099      perkinscoie.com

July 21, 2015

Randy Tyler
RTyler@perkinscoie.com
D. (206) 359-3034
F. (206) 359-7262

**VIA EMAIL**

Cecily L. Kaffer
Brendan Greene
The Kullman Firm
63 South Royal Street, Suite 1100
Mobile, AL 36602
Email Address: clk@kullmanlaw.com, bmg@kullmanlaw.com

**Re: Draft Deposition Notice to Dropbox, *Intermarine, LLC. v. Spliethoff Bevrachtingskantoor B.V., et al.*, United States District Court for the Southern District of Texas, Case No. 4:14-cv-00145**

Dear Cecily and Brendan:

Thank you for speaking with me last week regarding your request to depose a Dropbox witness. We discussed that you are seeking testimony about: 1) the general nature of Dropbox's products and services, and 2) the categories of records produced.

You indicated that you are seeking Dropbox testimony to aid in your presentation of the facts to the jury, despite the fact that Intermarine could provide its own witness to relay those same facts. Dropbox does not consent to proceed via the proposed deposition notice, as a subpoena is required to compel a non-party to attend a deposition.[1] Dropbox further reserves the right to object to any deposition subpoena upon receipt.

Intermarine can use its own witnesses or technical experts to review Dropbox's products and services, Dropbox's production in response to the prior subpoena, and the "readme" file contained in its production, in order to provide the sought-after testimony. The court can also take judicial notice of the online Dropbox Help Center.[2] It is therefore improper and unduly burdensome to depose Dropbox about this same information.[3]

---

[1] *See, e.g., Brooks v. Tate*, 2013 WL 4049053 at *1 (E.D. Cal. Aug. 7, 2013) ("'Where a deponent is not a party to the action, he can be compelled to appear at a deposition examination only by issuance of a subpoena' pursuant to Rule 45."). (quoting *Cleveland v. Palmby*, 75 F.R.D. 654, 656 (W.D. Okla. 1977)).

[2] *Datel Holdings Ltd v. Microsoft Corp.*, 712 F. Supp. 2d 974 983-84 (N.D. Cal. 2010) (taking judicial notice of Microsoft website describing software policies).

[3] Fed. R. Civ. P. 26(b)(2)(C)(i) (the court must limit the frequency or extent of discovery if the discovery sought can be obtained from some other source that is more convenient, less burdensome, or less expensive); *High Tech*

Cecily L. Kaffer
Brendan Greene
July 21, 2015
Page 2

Moreover, many of the topics in the draft notice—such as the request for descriptions of Dropbox's site and services—do not seek testimony about a Dropbox witness's personal knowledge of the facts relevant to this case, but rather seek to compel non-party Dropbox to provide the equivalent of expert testimony. Courts have repeatedly quashed such subpoenas as improper.[4]

Dropbox will, however, provide forthwith a records custodian affidavit sufficient to authenticate the records consistent with Fed. R. Evid. 803(6) and 902(11). Otherwise, Dropbox does not waive and expressly preserves any available objections. Please let me know if you have any questions.

Thank you,

Randy Tyler

JRT:JRT

---

*Medical Instrumentation, Inc. v. New Image Industries, Inc.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995) ("[T]he Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts.").

[4] *See, e.g., Mattel, Inc. v. Walking Mountain Productions*, 353 F.3d 792, 814 (9th Cir. 2003) (upholding district court order quashing subpoena for improper expert testimony from non-party); *Kim v. NuVasive, Inc.*, Civil No. 11cv1370–DMS (NLS), 2011 WL 3844106, at *4-5 (S.D. Cal. Aug. 29, 2011) (quashing demand for expert testimony from a non-party in order to protect expert from being required to provide expert advice or assistance without proper compensation); *Young v. U.S.*, 181 F.R.D. 344, 346 (W.D. Tex. 1997) ("just because a party wants to make a person work as an expert does not mean that, absent the consent of the person in question, the party generally can do so.").

111630-0001.0004/LEGAL125251749.1

Cecily L. Kaffer
clk@kullmanlaw.com

# The Kullman Firm
*A Professional Law Corporation*

www.kullmanlaw.com

Mobile Office:
63 South Royal Street
Suite 1100
Mobile, Alabama 36602

Post Office Box 1287
Mobile, Alabama 36633

Telephone:  (251) 432-1811
Facsimile:   (251) 433-1230

July 24, 2015

Mr. Randy Tyler
RTyler@perkinscoie.com

> **Re:    Intermarine v. Spliethoff Bevrachtingskantoor, BV., et al.**

Dear Randy:

Thank you for your letter of July 21, 2015.  Please do provide forthwith a records custodian affidavit sufficient to authenticate the records consistent with Fed. R. Evid. 803(6) and 902(11).

Very truly yours,

*/s/ Cecily L. Kaffer*

## CERTIFICATE OF AUTHENTICITY

I, Sean Li, hereby certify:

1.      I am employed by Dropbox, Inc. ("Dropbox"), located in San Francisco, California. I am authorized to submit this affidavit on behalf of Dropbox. I have personal knowledge of the following facts, except as noted, and could testify competently thereto if called as a witness.

2.      On or about May 18th, 2015, I sent a USB drive containing a true and correct copy of data pertaining to Dropbox accountholder identified as kbihlet@gmail.com, with internal reference number CV-3000-23 ("Document").

3.      The Documents contained on the USB drive constitute records made and retained by Dropbox. Dropbox records this data automatically at the time, or reasonably soon after, it is entered or transmitted by the user, and this data is kept in the course of this regularly conducted activity and was made by regularly conducted activity as a regular practice of Dropbox.

4.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Sean Li

**Executed in San Francisco, California, July 27, 2015**

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Texas

| | |
|---|---|
| INTERMARINE, LLC, | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   4:14-CV-00145 |
| SPLIETHOFF BEVRACHTINGSKANTOOR B.V., | ) |
| SPLIETHOFF AMERICAS, INC., KASPER BIHLET | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:           Dropbox, Inc.,  c/o Corporation Service Company, as registered agent
              2710 Gateway Oaks Drive, Suite 150N Sacramento, CA 95833

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  Carol Nygard & Associates<br>         225 Bush Street, Suite 1830<br>         San Francisco, CA 94104 | Date and Time:<br>          08/06/2015 11:00 am |
|---|---|

The deposition will be recorded by this method:    court stenographer and videographer.

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  7-24-15

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | *[signature]* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Intermarine, Plaintiff
                                                                        who issues or requests this subpoena, are:
Cecily L. Kaffer, The Kullman Firm, 63 South Royal St., Mobile, AL 36602, clk@kullmanlaw.com, 251-432-1811

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  4:14-CV-00145

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                *Server's signature*

                                         _____
                                             *Printed name and title*

                                         _____
                                                *Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
(A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

INTERMARINE, LLC,                )
                                 )
                Plaintiff        )   CASE NO. 4:14-CV-00145
                                 )
v.                               )
                                 )
SPLIETHOFF                       )
BEVRACHTINGSKANTOOR B.V.,        )
SPLIETHOFF AMERICAS, INC., and   )
KASPER BIHLET,                   )
                                 )
                Defendants       )

Notice of Trial Video Deposition of Dropbox, Inc.

To:   Carol Nygard and Associates

      William A. Durham
      Eastham, Watson, Dale & Forney, L.L.P.
      The Niels Eperson Building
      808 Travis Street, Ste. 1300
      Houston, TX 77002

      Daniel W. Jackson
      The Jackson Law Firm
      3900 Essex Lane, Suite 1116
      Houston, Texas 77027

      Randy Tyler | Perkins Coie LLP
      1201 Third Avenue Suite 4900
      Seattle, WA 98101-3099

Deponent:  Non-party Dropbox, Inc.

Date:  August 6, 2015

Time:  11:00 a.m. PDT

Location: Carol Nygard and Associates
          225 Bush Street, Suite 1830
          San Francisco, CA 94104

1

TAKE NOTICE that, for the purpose of use at trial, counsel for Plaintiff Intermarine, LLC will take the deposition of non-party Dropbox, Inc., at Carol Nygard and Associates, 225 Bush Street, Suite 1830, San Francisco, CA 94104, before an officer authorized to take depositions and swear witnesses, commencing on the above-stated date and time and continuing from day to day until completed. You are invited to attend and participate.

Pursuant to Rule 30(b)(6), *Fed. R. Civ. P.*, plaintiff Intermarine, LLC, requests Dropbox, Inc., to designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf on the following topics:

1. Whether Dropbox provides a personal cloud storage service which may be used to store and/or share files.

2. Whether and how a user can place files into his Dropbox, including:
   a. whether anything he can save to his computer can be uploaded to his Dropbox, from his computer, tablet or phone; and
   b. whether and how anyone else can place files into his Dropbox.

3. Whether and how a user/account holder can create folders in his Dropbox, including:
   a. how such folders are named, and by whom; and
   b. whether and how anyone else can create or name folders in his Dropbox.

4. Whether and how the user can share folders and/or files from his Dropbox, including:
   a. the use of "share" and "public" folders;
   b. whether files within "public" folders can be shared with others, including non-Dropbox users by email.

5. Whether, and how, the user can retrieve files deleted from his Dropbox.

6. Dropbox's practice regarding maintaining records of the file activity within the user's Dropbox.

7. Dropbox's practice regarding maintaining the files placed into the user's Dropbox, including how long files are maintained.

2

8.      Dropbox's response to the non-party subpoena served by Intermarine, LLC, attached hereto as Exhibit A, which requested records pertaining to Dropbox account KBihlet@GMail.com, including:

a. confirmation that the records produced by Dropbox to counsel for defendant Kasper Bihlet on May 25, 2015, are those attached and referred to as "the Exhibit B records;" and

b. whether the deponent has authority to certify the Exhibit B records.

9.      The Exhibit B records, including:

a. how and when they were created and/or maintained;

b. whether they were kept in the normal and ordinary course of Dropbox's regularly conducted business activity;

c. whether making and maintaining these records is a regular practice and custom of Dropbox;

d. whether the data in the csv files was recorded at or near the time of the transactions recorded therein by: a person or persons with a business duty to record these matters; or, a process or processes designed and implemented by such persons, including information regarding the accuracy and reliability of such process;

e. whether the csv files are true and correct copies of Dropbox's data relative to activity within Kbihlet@gmail.com;

f. an explanation of the files "readme," "userinfo," "sharedfolderinfo," and "How to use the Public Folder;" and

g. whether the remaining documents are true and correct copies of the documents uploaded to the account.

10.     The user information for KBihlet@GMail.com, including account holder name, email address, user ID, date joined, subscription status, login timestamps and IPs, and linked computer information.

11.     An explanation of the csv files in the Exhibit 2 records, including:

a. whether the csv files contain the file activity for the account;

b. whether csv file 107448143 represents the root folder for the account;

c. whether csv file 237697333 represents a subfolder within the root account;

3

    d.  whether csv file 288096576  represents  a subfolder within the root account;

    e.  whether csv file 340380823 represents a subfolder within the root account;

    f.  whether each such folder is a share folder; and

    g.  whether each such folder is active.

12.    An explanation of the columns within the csv files in the Exhibit 2 records, including;

    a.  the "timestamp" column, and whether that column shows the time the change took place;

    b.  the "user id" column, and whether that shows the user id of the person who made the change;

    c.  the "path (in Dropbox) of the file" column, and whether that shows the folder within which the file was stored; and

    d.  the "size of the file" column, including an explanation of the entries in the column (-1, 0, or a positive number).

CECILY L. KAFFER pro hac vice
Attorney in charge for Plaintiff
The Kullman Firm, PLC
Post Office Box 1287
Mobile, Alabama 36633
Telephone: (251) 432-1811
Facsimile: (251) 433-1230
clk@kullmanlaw.com

OF COUNSEL:

SAMUEL ZURIK, III
Texas Bar. No. LA24716
BRENDAN M. GREENE
The Kullman Firm, PLC
Post Office Box 60118
New Orleans, LA 70160
Telephone: (504) 524-4162
sz@kullmanlaw.com
bmg@kullmanlaw.com

4

## CERTIFICATE OF SERVICE

I certify that on July 24, 2015, I emailed the above document to counsel for all parties, as follows:

William A. Durham
durham@easthamlaw.com

Daniel W. Jackson
daniel@jacksonlaw-tx.com

CECILY L. KAFFER

5

# PERKINSCOIe

1201 Third Avenue
Suite 4900
Seattle, WA 98101-3099

☎ +1.206.359.8000
🖷 +1.206.359.9000
perkinscoie.com

July 28, 2015

Randy Tyler
RTyler@perkinscoie.com
D. (206) 359-3034
F. (206) 359-7262

**VIA EMAIL**

Cecily L. Kaffer
Brendan Greene
The Kullman Firm
63 South Royal Street, Suite 1100
Mobile, AL 36602
Email Address: clk@kullmanlaw.com, bmg@kullmanlaw.com

**Re:    Draft Deposition Notice to Dropbox, *Intermarine, LLC. v. Spliethoff Bevrachtingskantoor B.V., et al.*, United States District Court for the Southern District of Texas, Case No. 4:14-cv-00145**

Dear Cecily and Brendan:

We have received your subpoena to depose a Dropbox witness, noticed for August 6, 2015. As discussed in my July 21, 2015 letter to you, Dropbox objects to the subpoena and intends to file a motion to quash in the Northern District of California for the reasons stated in that letter. *See* Fed. R. Civ. P. 45(d)(3)(A). Separately, Dropbox does not have a competent witness available to appear on August 6, 2015, as its custodian of records will be unavailable until after August 13, 2015.

In light of this, please let me know if you are amenable to a short continuance of the deposition date until after August 13, 2015, both to provide sufficient all parties time to fully brief the issues, and to ensure the availability of a competent witness should the court determine a deposition is necessary.

Thank you,

Randy Tyler

JRT:JRT

111630-0001.0004/LEGAL125251749.1

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

| | | |
|---|---|---|
| INTERMARINE, LLC, | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   4:14-CV-00145 |
| SPLIETHOFF BEVRACHTINGSKANTOOR B.V., | ) | |
| SPLIETHOFF  AMERICAS, INC., KASPER BIHLET | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:          Dropbox, Inc., c/o Corporation Service Company, as registered agent
             2710 Gateway Oaks Drive, Suite 150N Sacramento, CA 95833
                    *(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  Carol Nygard & Associates 225 Bush Street, Suite 1830 San Francisco, CA 94104 | Date and Time:  08/25/2015 11:00 am |
|---|---|

The deposition will be recorded by this method:   court stenographer and videographer

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  7-31-15

            CLERK OF COURT

                                         OR

_____           _____
     *Signature of Clerk or Deputy Clerk*                         *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  Intermarine, Plaintiff
_____ , who issues or requests this subpoena, are:
Cecily L. Kaffer, The Kullman Firm, 63 South Royal St., Mobile, AL 36602, clk@kullmanlaw.com, 251-432-1811

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  4:14-CV-00145

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____    on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                _____
                                                        *Server's signature*

                                                _____
                                                        *Printed name and title*

                                                _____
                                                        *Server's address*

Additional information regarding attempted service, etc.:

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| INTERMARINE, LLC,             ) | |
| ) | |
| **Plaintiff**     ) | **CASE NO. 4:14-CV-00145** |
| ) | |
| **v.**                   ) | |
| ) | |
| **SPLIETHOFF**         ) | |
| **BEVRACHTINGSKANTOOR B.V.,**  ) | |
| **SPLIETHOFF AMERICAS, INC., and**  ) | |
| **KASPER BIHLET,**       ) | |
| ) | |
| **Defendants**   ) | |

### Amended Notice of Trial Video Deposition of Dropbox, Inc.

To:   Carol Nygard and Associates

William A. Durham
Eastham, Watson, Dale & Forney, L.L.P.
The Niels Eperson Building
808 Travis Street, Ste. 1300
Houston, TX 77002

Daniel W. Jackson
The Jackson Law Firm
3900 Essex Lane, Suite 1116
Houston, Texas 77027

Randy Tyler | Perkins Coie LLP
1201 Third Avenue Suite 4900
Seattle, WA 98101-3099

Deponent:  Dropbox, Inc.

Date:  August 25, 2015

Time:  11:00 a.m. PDT

Location: Carol Nygard and Associates
          225 Bush Street, Suite 1830
          San Francisco, CA 94104

1

TAKE NOTICE that, for the purpose of use at trial, counsel for Plaintiff Intermarine, LLC will take the deposition of non-party Dropbox, Inc., at Carol Nygard and Associates, 225 Bush Street, Suite 1830, San Francisco, CA 94104, before an officer authorized to take depositions and swear witnesses, commencing on the above-stated date and time and continuing from day to day until completed. You are invited to attend and participate.

Pursuant to Rule 30(b)(6), *Fed.R.Civ.P.*, plaintiff Intermarine, LLC, requests Dropbox, Inc., to designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf on the following topics:

1.      Whether Dropbox provides a personal cloud storage service which may be used to store and/or share files.

2.      Whether and how a user can place files into his Dropbox, including:

      a.  whether anything he can save to his computer can be uploaded to his Dropbox, from his computer, tablet or phone; and

      b.  whether and how anyone else can place files into his Dropbox.

3.      Whether and how a user/account holder can create folders in his Dropbox, including:

      a.  how such folders are named, and by whom; and

      b.  whether and how anyone else can create or name folders in his Dropbox.

4.      Whether and how the user can share folders and/or files from his Dropbox, including:

      a.  the use of "share" and "public" folders;

      b.  whether files within "public" folders can be shared with others, including non-Dropbox users, by email.

5.      Whether, and how, the user can retrieve files deleted from his Dropbox.

6.      Dropbox's practice regarding maintaining records of the file activity within the user's Dropbox.

7.      Dropbox's practice regarding maintaining the files placed into the user's Dropbox, including how long files are maintained.

2

8.     Dropbox's response to the non-party subpoena served by Intermarine, LLC, attached hereto as Exhibit A, which requested records pertaining to Dropbox account KBihlet@GMail.com, including:

a. confirmation that the records produced by Dropbox to counsel for defendant Kasper Bihlet on May 25, 2015, are those attached and referred to as "the Exhibit B records;" and

b. whether the deponent has authority to certify the Exhibit B records.

9.     The Exhibit B records, including:

a. how and when they were created and/or maintained;

b. whether they were kept in the normal and ordinary course of Dropbox's regularly conducted business activity;

c. whether making and maintaining these records is a regular practice and custom of Dropbox;

d. whether the data in the csv files was recorded at or near the time of the transactions recorded therein by: a person or persons with a business duty to record these matters; or a process or processes designed and implemented by such persons, including information regarding the accuracy and reliability of such process;

e. whether the csv files are true and correct copies of Dropbox's data relative to activity within Kbihlet@gmail.com;

f. an explanation of the files "readme," "userinfo," "sharedfolderinfo," and "How to use the Public Folder;" and

g. whether the remaining documents are true and correct copies of the documents uploaded to the account.

10.    The user information for KBihlet@GMail.com, including account holder name, email address, user ID, date joined, subscription status, login timestamps and IPs, and linked computer information.

11.    An explanation of the csv files in the Exhibit 2 records, including:

a. whether the csv files contain the file activity for the account;

b. whether csv file 107448143 represents the root folder for the account;

c. whether csv file 237697333 represents a subfolder within the root account;

3

    d. whether csv file 288096576   represents  a subfolder within the root account;

    e. whether csv file 340380823 represents a subfolder within the root account;

    f. whether each such folder is a share folder; and

    g. whether each such folder is active.

    12.   An explanation of the columns within the csv files in the Exhibit 2 records, including;

    a. the "timestamp" column, and whether that column shows the time the change took place;

    b. the "user id" column, and whether that shows the user id of the person who made the change;

    c. the "path (in Dropbox) of the file" column, and whether that shows the folder within which the file was stored; and

    d. the "size of the file" column, including an explanation of the entries in the column (-1, 0, or a positive number).

CECILY L. KAFFER, pro hac vice
Attorney in charge for Plaintiff
The Kullman Firm, PLC
Post Office Box 1287
Mobile, Alabama 36633
Telephone: (251) 432-1811
Facsimile: (251) 433-1230
clk@kullmanlaw.com

OF COUNSEL:

SAMUEL ZURIK, III
Texas Bar No. LA24716
BRENDAN M. GREENE
The Kullman Firm, PLC
Post Office Box 60118
New Orleans, LA 70160
Telephone: (504) 524-4162
sz@kullmanlaw.com
bmg@kullmanlaw.com

4

## CERTIFICATE OF SERVICE

I certify that on July 31, 2015, I emailed the above document to counsel for all parties, as follows:

William A. Durham
durham@easthamlaw.com

Daniel W. Jackson
daniel@jacksonlaw-tx.com

CECILY L. KAFFER

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).