1  **LAFAYETTE & KUMAGAI LLP**
2  **SUSAN T. KUMAGAI (State Bar No. 127667)**
   **REBECCA K. KIMURA (State Bar No. 220420)**
3  **101 Mission Street, Suite 600**
   **San Francisco, California 94105**
4  **Telephone: (415) 357-4600**
5  **Facsimile: (415) 357-4605**

6  CECILY L. KAFFER
7  (pro hac vice application to be filed)
   THE KULLMAN FIRM
8  A Professional Law Corporation
9  Post Office Box 1287
   Mobile, Alabama 36633
10 Telephone: (251) 432-1811
11 clk@kullmanlaw.com

12 **Attorneys for Plaintiff**
13 **INTERMARINE, LLC**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| INTERMARINE, LLC<br><br>Plaintiff,<br><br>vs.<br><br>SPLIETHOFF BEVRACHTINGSKANTOOR B.V., SPLIETHOFF AMERICAS, INC., and KASPER BIHLET,<br><br>Defendants. | Case No. 3:15-mc-80211-MEJ<br>(S.D. Tex. No. 4:14-cv-00145)<br><br>**PLAINTIFF'S OPPOSITION TO THE  NON-PARTY MOVANT'S MOTION TO QUASH SUBPOENA TO DROPBOX, INC.; MEMORANDUM OF  POINTS AND AUTHORITIES IN  SUPPORT THEREOF**<br><br>**Date:    Thursday, Aug. 10, 2015**<br>**Time:    10:00 AM**<br><br>**Courtroom: B - 15th Floor**<br>**Hon. Maria-Elena James** |

*Plaintiff Intermarine's Opposition to Non-Party Dropbox's Motion to Quash*
*3:15-mc-80211-MEJ*

## I. INTRODUCTION

Intermarine, LLC, is the plaintiff in a case which is set for trial on September 28, 2015, in the United States District Court for the Southern District of Texas. Intermarine subpoenaed Dropbox, Inc., for a short (30-45 minute) <u>trial</u> deposition under Rule 30(b)(6), *Fed.R.Civ.P.,* in the city where it is headquartered, to authenticate and lay the foundation for the admissibility of records Dropbox has already produced in response to a document subpoena. Dropbox filed this motion to quash pursuant to Rule 45(c), *Fed.R.Civ.P.*, claiming that the deposition subpoena seeks privileged or other protected information and imposes an undue burden. Dropbox did not fulfill its obligations under Local Rule 37-1 with respect to its claim of privileged or other protected information, and its arguments lack merit. Dropbox's motion is due to be denied.

## II. PROCEDURAL BACKGROUND

Intermarine filed suit against its former Vice-President Kasper Bihlet and his new employers Spliethoff Bevachtingskantoor, BV, and Spliethoff Americas, Inc. Intermarine claims, *inter alia*, that Bihlet breached his contractual and fiduciary duties, that Spliethoff interfered with his contract and aided and abetted his breach of fiduciary duty, and that defendants conspired to and did misappropriate and steal Intermarine's trade secrets and confidential information.

Intermarine subpoenaed documents from non-party Dropbox, Inc., related to and stored in defendant Bihlet's Dropbox account.[1] Dropbox's responsive production ("the Dropbox records") revealed that Bihlet uploaded Intermarine's trade secrets and confidential and proprietary business information into his Dropbox in order to share the misappropriated information with his new employers, the Spliethoff defendants. (Declaration of Cecily L. Kaffer Regarding Intermarine's Opposition to Non-Party Dropbox's Motion to Quash Subpoena to Testify at a Deposition in a Civil Action). The Dropbox records also revealed that Bihlet deleted hundreds of Intermarine's files from his Dropbox the day after he received a letter from plaintiff's counsel notifying him that suit had been filed and that he was obliged to preserve evidence. (*Id).* The Dropbox records are

---

[1] Dropbox glosses over its share in the initial confusion regarding the document subpoena. Intermarine issued the document subpoena to Dropbox, which mistakenly served its objections on Bihlet, and not on Intermarine. Bihlet never relayed Dropbox's objections to Intermarine. Consequently, Intermarine moved to compel Dropbox's compliance with the document subpoena.

*Plaintiff's Opposition to Non-Party Dropbox's Motion to Quash*
*3:15-mc-80211-MEJ* 2

crucial evidence for Intermarine, which is directly relevant to liability and to damages.  (Kaffer Delcaration, ¶ 12).

Intermarine provided the Dropbox records and Dropbox's certificate of authenticity to defendants immediately after receiving them. (Kaffer, Declaration ¶ 14, Exhibit 5). Subsequently, Intermarine gave written notice to the defendants pursuant to Rule 902(11), *Fed.R.Evid.*, of its intent to offer the Dropbox records into evidence at trial. *(Id).* Intermarine also proposed a stipulation as to the Dropbox records, in order to obviate the need for Dropbox's deposition. (*Id.*, Exhibit 6). Defendants declined to stipulate; they dispute the authenticity of the Dropbox records, and intend to object to their admission at trial. (Kaffer Declaration, ¶ 15, Exhibits 2 and 8).

Intermarine subpoenaed Dropbox for a short <u>trial</u> deposition under Rule 30(b)(6), *Fed.R.Civ.P*., to authenticate the Dropbox records, and to lay the foundation for their admissibility at trial.  Dropbox moved to quash the deposition subpoena on the grounds that it requires disclosure of privileged or other protected information, and that it subjects Dropbox to undue burden.

### A.  Compliance with Local Rule 37-1

Dropbox never raised or conferred about any issue regarding privileged or protected information prior to filing this motion, and so did not comply with Local Rule 37-1 with respect to that aspect of its motion. (Kaffer Declaration, ¶ 18). Even now, Dropbox has not identified the protection supposedly at issue, so Intermarine faces a challenge in responding to this new claim. Nonetheless, Intermarine anticipates that any concerns regarding protected information will be easy to resolve, by, if necessary, a modification of the deposition notice.   Intermarine does not seek privileged or proprietary information, and would have said so to Dropbox, if Dropbox had fulfilled its conferencing obligation prior to filing this motion.

### B.  Issue Properly Before the Court

The only issue properly before the Court is whether the deposition subpoena subjects Dropbox to undue burden, in violation of Rule 45(d)(3)(A)(iv), *Fed.R.Civ.P*.  As the moving party, Dropbox bears the burden of persuading the Court that its desire to be left alone outweighs Intermarine's need for the undisputably relevant testimony.  *Miller v. Ghirardelli Chocolate Co.*, No. C 12-4936 LB, 2013 WL 6774072, at *2 (N.D. Cal. Dec. 20, 2013) (*citing Chevron Corp. v. Donziger*, No. 12–MC–80237 CRB (NC), 2013 WL 4536808, at *4 (N. D. Cal. Aug. 22, 2013).

### III.   THE DROPBOX RECORDS

The Dropbox records include: (1) four very short text files explaining the produced records (titled "readme," "userinfo," "sharedfolderinfo," and "How to use the Public Folder"); (2) four csv files which contain the file activity for Bihlet's account; and (3) files Bihlet uploaded into his Dropbox.  (Kaffer Declaration, ¶ 9, Exhibits 3 and 4).

The following excerpts from the Dropbox records illustrate the need for authenticity and explanatory testimony.

The "readme" text file states that "the user info.txt file is a record of the transactional information on the account."  (Kaffer Declaration, Exhibit 3, p.1).  The "user info" file states:

```
Name: Kasper Bihlet
Email: kbihlet@gmail.com
User: 65964769
Joined: 2012-03-07 19:48:14 GMT
Subscription Status: Unpaid
```

(Kaffer Declaration, Exhibit 3, p.2).

The "sharedfolderinfo" text file lists the following folders in Bihlet's Dropbox:

```
Namespace    ID           Path                                 Active
107448143    root                                              True
232193192    /Photos/Jackson Hole 2013                         False
237697333    SAIPEM PERLA VESSEL CERTIFICATES                  False
288096576    /work/Spliethoff                                  False
340380823    /Email                                            False
```

(Kaffer Declaration, Exhibit 3, p.3).

The "readme" file explains the csv files:
```
The csv folder contains the file activity for the account, separated by activity in
the root and separate shared folders.
The columns are as follows:
timestamp = the time the change took place (in GMT)
user_id = the user id of the person who made the change
path = the path (in Dropbox) of the file
size = the size of the file (if -1, it means it is a delete action. if it's a 0,
it's a folder creation action. if it's positive, it's a file upload action)
```

(Kaffer Declaration, Exhibit 3, p.4).

As an example, csv file 288096576 /work/Spliethoff includes entries like the following (although there are thousands of others):

| timestamp | user | path | size |
|---|---|---|---|
| 6/7/2013 18:51 | 65964769 | /Caribs mts 1210 mkt share.pdf | 277967 |
| 6/7/2013 18:51 | 65964769 | /Col mts 1210 mkt share.pdf | 258623 |
| 6/7/2013 18:51 | 65964769 | /Flour.pdf | 523448 |
| 6/7/2013 18:51 | 65964769 | /G.E | 0 |
| 6/7/2013 18:51 | 65964769 | /G.E/2011_GST_Survey.docx | 16811 |
| 6/7/2013 18:51 | 65964769 | /G.E/5. Heater Information.zip | 1892733 |
| 6/7/2013 18:51 | 65964769 | /G.E/A-Type Juba project shipment schedule.pdf | 319059 |
| 6/7/2013 18:51 | 65964769 | /G.E/Agency list for G.E..doc | 45056 |
| 6/7/2013 18:51 | 65964769 | /G.E/Agreements & Contracts etc | 0 |

(Kaffer Declaration, Exhibit 4).  As Intermarine's witnesses can testify if the Dropbox records are admitted, these files (and hundreds of others in Bihlet's Dropbox) came from Intermarine's servers, and are confidential, proprietary and/or trade secrets.  Further, the directory in Bihlet's Dropbox essentially mirrors the directory on his Intermarine server.  (Kaffer Declaration, ¶ 11).

Because the Dropbox records establish that Bihlet uploaded his entire Intermarine directory to Dropbox for the purpose of sharing it with his new employer, the Dropbox records are directly relevant to hotly disputed issues of liability and damages.  <u>No party disputes the propriety of this deposition</u>.

**IV.    ARGUMENT**

Although the Dropbox records are relevant, Intermarine must establish their admissibility under the rules of evidence in the face of defendants' challenge.  Intermarine's deposition notice is narrowly tailored to procure evidentiary support for the admissibility of the Dropbox records, in a very short deposition (30 to 45 minutes) to be used at the trial set for September 28, 2015. Intermarine cannot procure this critical evidence through any of the methods suggested by Dropbox.  Consequently, Dropbox cannot meet its burden of persuasion, and its motion to quash is due to be denied.

### A. Legal Standard

Rule 45(d)(3)(A), *Fed.R.Civ.P.,* allows the Court to quash *or modify* a subpoena which requires disclosure of privileged or protected information, or which subjects Dropbox to undue burden. As the movant, Dropbox bears the burden of persuasion under Rule 45(c)(3).[2] *Id*; *Ghirardelli Chocolate*, 2013 WL 6774072, at *2.

Intermarine and Dropbox agree that the test for "undue burden" requires balancing their interests. But Dropbox argues – without citing any authority – that the Court should consider the *potential* burden Dropbox may face in responding to some *future* subpoena. Dropbox appears to suggest – again without citation to any authority - that because it has successfully developed a customer base of more than "400 million users, who collectively save more than 1.2 billion files to Dropbox every 24 hours," it is exempt from the regular rules. Intermarine submits that the Court's focus is properly placed on the burden to Dropbox to respond to *this* subpoena for a 30-45 minute trial deposition, Dropbox's size and commercial success notwithstanding. *See e.g*., *United States v. Camez*, No. 2:12-CR-0004-APG-GWF, 2013 WL 6158402, at *2 (D. Nev. Nov. 21, 2013)(Court based its ruling on the facts of the case before it, rejecting Google's "parade of horribles" argument that if the court failed to quash a subpoena requiring it to produce a witness to authenticate records previously produced, it would be compelled to "send witnesses to each criminal trial in which its business records are offered as evidence.").

### B. Response to Dropbox's Contentions

The topics in Intermarine's deposition notice are narrowly tailored, designed to procure testimony to establish the admissibility of the Dropbox records, and do not seek expert testimony or proprietary information. As discussed with Dropbox, the entire deposition should take no more than 45 minutes. (Kaffer Declaration, ¶ 21).

Intermarine's Topics 1-5 seek very general background information regarding Dropbox, in order to lay the foundation for admissibility of the Dropbox records. For example, Topic 1 can be fully answered with testimony like the first sentence of Dropbox's brief, "Dropbox provides a popular document storage and sharing service through which users can collaboratively save, share,

---

[2] Time and geographic limitations are not at issue in the instant dispute given that Dropbox and counsel for Intermarine have agreed upon a time and location for the deposition.

and edit documents stored 'in the cloud.'" The question and answer needed to elicit this information in evidentiary format will take about 1 minute. Intermarine anticipates approximately 1 question per topic, with testimony for all five topics likely to last 5-7 minutes. Topics 6-9(e) and 9(g) seek testimony to authenticate the records under Rule 902, *Fed.R.Civ.P.,* and to establish the hearsay exception in Rule 803, *Fed.R.Civ.P*. Intermarine anticipates approximately 5-10 minutes of testimony on these topics. Topics 9(f) and 10-12 simply seek the contents of the explanatory text files in testimony form, which will be admissible at trial. Intermarine anticipates approximately 5-10 minutes of testimony on these topics. As discussed with Dropbox,[3] the entire deposition should take no more than 45 minutes. (Kaffer Declaration, ¶ 20).

**Dropbox's Arguments Regarding Topics 1-7**

Dropbox argues that Intermarine does not need testimony on Topics 1-5 because the trial court can take judicial notice of the materials on Dropbox's website (Doc. 1 at p. 8:1-5), but Dropbox is wrong. Of course, since this case is pending for trial in the Southern District of Texas, the applicable evidentiary standards are those established by the United States Circuit Court of Appeals for the Fifth Circuit. In the Fifth Circuit, the trial court may only take judicial notice of a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Rule 201, *Fed.R.Evid*; *Funk v. Stryker Corp*., 631 F.3d 777, 783 (5th Cir. 2011).

And, while the Fifth Circuit's standards allow the court to take judicial notice of information posted on a <u>government website</u>, it has not extended the same general acceptance to websites maintained by private entities. *See Devine v. Educ. Testing Serv*., No. CIV.A. H-14-1782, 2014 WL 7072150, at *3 (S.D. Tex. Dec. 12, 2014)(citing *Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005)); *see also Kew v. Bank of Am., N.A*., No. CIV.A. H-11-2824, 2012 WL 1414978, at *3 (S.D. Tex. Apr. 23, 2012)(J. Rosenthal)(taking judicial notice of the fair-market value of property that appeared on a Texas county's website). Thus, Dropbox's own website does not constitute a source of information that meets the requirements of Rule 201, *Fed.R.Evid*., as interpreted by the Fifth Circuit.

---

[3]

*Plaintiff's Opposition to Non-Party Dropbox's Motion to Quash*
*3:15-mc-80211-MEJ* 7

The cases Dropbox cites do not alter that result. In *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 983 (N.D. Cal. 2010), the court took judicial notice that certain documents <u>existed</u> on Microsoft's website:

> [T]he documents sought to be judicially noticed are capable of accurate and ready determination because they are standard documents. These documents are judicially noticeable <u>for the fact that they exist</u>, not whether, for example, the documents are valid or binding contracts.

*Id.* at 984. Here, Intermarine is not seeking to establish that Dropbox has a help site, or that the help documents exist. Rather, Intermarine is seeking substantive evidence to establish the foundation for admissibility of the Dropbox records, and what its records reflect with respect to Bihlet's account. *See id.*; *see also Gerritsen v. Warner Bros. Entm't Inc.*, No. CV 14-03305 MMM CWX, 2015 WL 4069617, at *9 (C.D. Cal. Jan. 30, 2015)(finding that a court can take judicial notice of press releases and news articles only to indicate what was in the public realm and not "whether the contents of those articles were in fact true.").

Next, Dropbox argues that Intermarine can simply pull information off the Dropbox help site and present it at trial through one of Intermarine's own witnesses, and therefore the information is already in the possession of Intermarine – a party – and so the burden on Dropbox – a non party – is unnecessary. As might be expected, the cases Dropbox cites in supposed support of that argument are inapposite, because they all deal with discovery subpoenas to produce documents, rather than deposition subpoenas for trial testimony. In *Miller v. Allstate Fire & Cas. Ins. Co.*, No. CIV. 07-260, 2009 WL 700142, at *6 (W.D. Pa. Mar. 17, 2009), the court <u>denied</u> a nonparty's motion for a protective order from a discovery document subpoena, even though some or all of the documents were in the possession of a party:

> While [the nonparty movant] argues that the documents could be discovered from a party to this matter, [defendant], the Court believes that discovery of such documents from two differing sources may facilitate the bringing forth of all relevant facts in this matter, so as to allow the Court to promote the search for truth.

*Id. Miller* does not support Dropbox's argument, and, more importantly, is not pertinent to this dispute because Intermarine is not seeking documents, but testimony to authenticate and lay the foundation for the admissibility at trial of documents which have already been produced in discovery.

In *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005), the court granted a nonparty's motion to quash a discovery duces tecum subpoena, in part because the documents were in the possession of a party: "plaintiffs can more easily and inexpensively obtain the documents from defendant, rather than from [the] nonparty [ ]." *Id*. But *Moon* also has no bearing on the instant dispute because Intermarine is not seeking documents with a discovery subpoena, but is seeking testimony to establish the admissibility at trial of documents which have already been produced.

Finally, in *Motise v. Parrish*, 297 F. App'x 149, 153 (3d Cir. 2008)(unpublished), the Third Circuit upheld the district court's decision to allow a party to submit a declaration in lieu of a deposition. *Motise* has no bearing on this case because the district court here has not made any such decision.

### Dropbox's Arguments Regarding Topics 6-7

Immediately after arguing that the information requested by Topics 6-7 is available on its public website, Dropbox switches tack and asserts that it is "proprietary information that Dropbox should not be forced to divulge." (Doc. 1 at p. 8:17-22.)  Even setting aside that contradiction, Dropbox does not articulate how or why it believes it would be compelled to disclose proprietary information by providing testimony to authenticate the records under Rule 902, *Fed.R.Civ.P.,* and to establish the hearsay exception in Rule 803, *Fed.R.Civ.P.*

If Dropbox truly had concerns about proprietary information, it should have raised those concerns as required by Local Rule 37-1.  With no information about Dropbox's concerns, Intermarine cannot propose specific solutions.  However, Intermarine does not want or need Dropbox's proprietary information; Intermarine simply seeks admissible testimony from a duly designated representative to answer a narrow set of questions to authenticate the Dropbox records, in the face of defendants' challenge to their admissibility.  Consequently, any actual concern about proprietary information can be resolved by an appropriate modification of the deposition topics.

### Dropbox's Arguments Regarding Topics 8-9

Topics 8 and 9 seek testimony to authenticate the Dropbox records under Rule 902, *Fed.R.Civ.P.,* and to establish the hearsay exception in Rule 803, *Fed.R.Civ.P.,* in order to meet

defendants' challenge. The anticipated testimony is set out in Dropbox's motion, (Doc. 2-1 at p. 15-17), and the questions and answers should take no more than 10 minutes.

### Dropbox's Arguments Regarding Topics 10-12

Topics 10-12 do not seek expert testimony. Rather, the topics require Dropbox's designee to testify about facts reflected in Dropbox's own records. Such testimony is squarely within the purview of a fact witness, as opposed to an expert. *See Fed.R.Evid*. 703.[4] To the extent the Court finds otherwise, the topics can be modified, as allowed by Rule 45(c), *Fed.R.Evid*. Intermarine simply seeks a witness with knowledge to provide the information in the explanatory text files in testimony form, which will be admissible at trial.

### Dropbox's Arguments Regarding Preparing a Witness to Testify

Intermarine and Dropbox worked together in order to establish a date, time and location for the deposition, which will take place in San Francisco, the city where Dropbox is headquartered. Intermarine has prepared a narrowly drawn list of deposition topics, for a deposition which should take no more than 30-45 minutes. Dropbox says it may have to designate two employees to address the topics contained within Intermarine's 30(b)(6) deposition notice, but Dropbox does not provide any information about why that would be <u>unduly</u> burdensome within the meaning of Rule 45(c). Given the limited nature and scope of Intermarine's deposition topics, Dropbox has not met its burden to establish preparing one or two witnesses for a very brief deposition would not impose an undue burden.

---

[4] The cases Dropbox cites in support of its contention that Intermarine improperly seeks expert testimony from Dropbox's 30(b)(6) designee are readily distinguisable. In *Young v. United States*, 181 F.R.D. 344, 346 (W.D. Tex. 1997), a party sought to designate a treating physician as an expert. This case is not relevant to the instant dispute as Intermarine is not seeking to designate Dropbox's 30(b)(6) deponent as an expert. In *Mattel, Inc. v. Walking Mountain Prods*., 353 F.3d 792, 814 (9th Cir. 2003) the offending subpoena sought testimony regarding the market for an artist's artwork "including the characteristics of "art consumers." Such opinion testimony is a far cry from seeking information regarding entries in records produced by Dropbox. Finally, in *Kim v. NuVasive, Inc*., No. 11CV1370-DMS NLS, 2011 WL 3844106, at *4 (S.D. Cal. Aug. 29, 2011), the court found that some of the information requested of a nonparty regarding the "advantages and disadvantages" of using a particular medical device was opinion testimony that should be introduced through a duly designated expert.

## VI. CONCLUSION

No one likes being drawn in to someone else's litigation. But Dropbox has not met its burden of persuasion that the deposition subpoena imposes an <u>undue</u> burden. Based upon the foregoing, Intermarine respectfully requests that the Court deny nonparty Dropbox's motion to quash Intermarine's subpoena.

Submitted this   14th   day of August, 2015.

/s/ Susan T. Kumagai
SUSAN T. KUMAGAI (State Bar No. 127667)
REBECCA K. KIMURA (State Bar No. 220420)
LAFAYETTE & KUMAGAI LLP
101 Mission Street, Suite 600
San Francisco, California 94105
Telephone: (415) 357-4600
Facsimile: (415) 357-4605

CECILY L. KAFFER
(pro hac vice application pending)
THE KULLMAN FIRM
A Professional Law Corporation
Post Office Box 1287
Mobile, Alabama 36633
Telephone: (251) 432-1811
clk@Kullmanlaw.com

Attorneys for Plaintiff
INTERMARINE, LLC

## CERTIFICATE OF SERVICE

I hereby certify that, on August 14, 2015, a copy of this document was served electronically upon counsel of record in compliance with Federal Rule 5 and Local Rule 5-5, by use of the Court's ECF system.

/s/ Susan T. Kumagai

SUSAN T. KUMAGAI (State Bar No. 127667)

LAFAYETTE & KUMAGAI LLP

101 Mission Street, Suite 600

San Francisco, California 94105

Telephone: (415) 357-4600

Facsimile: (415) 357-4605