**LAFAYETTE & KUMAGAI LLP**
**SUSAN T. KUMAGAI (State Bar No. 127667)**
**REBECCA K. KIMURA (State Bar No. 220420)**
**101 Mission Street, Suite 600**
**San Francisco, California 94105**
**Telephone: (415) 357-4600**
**Facsimile: (415) 357-4605**

CECILY L. KAFFER
(pro hac vice application to be filed)
THE KULLMAN FIRM
A Professional Law Corporation
Post Office Box 1287
Mobile, Alabama 36633
Telephone: (251) 432-1811
clk@Kullmanlaw.com

**Attorneys for Plaintiff**
**INTERMARINE, LLC**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| **INTERMARINE, LLC**<br><br>Plaintiff,<br><br>vs.<br><br>**SPLIETHOFF BEVRACHTINGSKANTOOR B.V., SPLIETHOFF AMERICAS, INC., and KASPER BIHLET,**<br><br>Defendants. | **Case No. 3:15-mc-80211-MEJ**<br>**(S.D. Tex. No. 4:14-cv-00145)**<br><br>**DECLARATION OF CECILY L. KAFFER REGARDING INTERMARINE'S OPPOSITION TO NON-PARTY DROPBOX'S MOTION TO QUASH SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**<br><br>Date:    Thursday, August 20, 2015<br>Time:    10:00 AM<br><br>Courtroom: B - 15th Floor<br>Hon. Maria-Elena James |

**DECLARATION OF CECILY L. KAFFER PURSUANT TO 28 U.S.C. § 1746**

1. My name is Cecily L. Kaffer. I have personal knowledge of the facts set forth in this declaration and am competent to testify as to such facts.

2. I am an attorney with the Kullman Firm and am one of the attorneys representing Intermarine in the above-captioned matter. Following a two-year clerkship in the United States District Court for the Southern District of Alabama, I have practiced law for 25 years, with a focus on federal court litigation.

3. I am lead attorney for plaintiff Intermarine, LLC, in a case pending in the United States District Court for the Southern District of Texas, *Intermarine v. Spliethoff, et al.,* Case No. 4:14-CV-00145.

4. Intermarine filed suit against its former Vice-President Kasper Bihlet and his new employers Spliethoff Bevachtingskantoor, BV, and Spliethoff Americas, Inc. Intermarine claims, *inter alia*, that Bihlet breached his contractual and fiduciary duties, that Spliethoff interfered with his contract and aided and abetted his breach of fiduciary duty, and that defendants conspired to and did misappropriate and steal Intermarine's trade secrets and confidential information.

5. Intermarine subpoenaed documents from non-party Dropbox, Inc., related to and stored in defendant Bihlet's Dropbox account, ("the document subpoena"). A true and correct copy of the document subpoena was attached to the declaration of John Tyler.

6. Dropbox glosses over its share in the initial confusion regarding the document subpoena. Intermarine issued the document subpoena to Dropbox, which mistakenly served its objections on Bihlet, and not on Intermarine. Bihlet never relayed Dropbox's objections to Intermarine. Consequently, Intermarine moved to compel Dropbox's compliance with the document subpoena. The Court issued an order to Dropbox to produce the records.

7. Thereafter, Dropbox produced records to Bihlet in response to the document subpoena from Intermarine, which, as indicated in Exhibit 1, Bihlet eventually produced to Intermarine on or around June 10, 2015, ("the Dropbox records").

8. Intermarine promptly disclosed the Dropbox records to the Spliethoff defendants in the underlying lawsuit on June 18, 2015, with the letter attached as Exhibit 2.

9. I have had an opportunity to review the records produced by Dropbox in response to the subpoena ("the Dropbox records"). The Dropbox records include: (1) four very short text files explaining the produced records (titled "readme," "userinfo," "sharedfolderinfo," and "How to use the Public Folder"); (2) four csv files which contain the file activity for Bihlet's account; and (3) files Bihlet uploaded into his Dropbox. Excerpts from the records produced by Dropbox in response to the subpoena duces tecum are attached as Exhibits 3 and 4.

10. The Dropbox records revealed that Bihlet uploaded Intermarine's trade secrets and confidential and proprietary business information into his Dropbox in order to share the misappropriated information with his new employers, the Spliethoff defendants. The Dropbox records also revealed that Bihlet deleted hundreds of Intermarine's files from his Dropbox the day after he received a letter from plaintiff's counsel notifying him of that suit had been filed and that he was obliged to preserve evidence. *E.g.*, Exhibits 3 and 4.

11. I have reviewed the Dropbox records with knowledgeable witnesses within Intermarine. As Intermarine's witnesses can testify if the Dropbox records are admitted, these files (and hundreds of others in Bihlet's Dropbox) came from Intermarine's servers, and are confidential, proprietary and/or trade secrets. Further, the directory in Bihlet's Dropbox essentially mirrors the directory on his Intermarine server.

12. The Dropbox records are crucial evidence for Intermarine, which is directly relevant to liability and to damages.

13. Dropbox produced a records custodian certificate on or about July 27, 2015. A true and correct copy of the certificate was attached to the declaration of John Tyler.

14. Intermarine promptly provided the certificate to the defendants in the underlying lawsuit on August 4, 2015, with the letter attached as Exhibit 5. At the same

time, Intermarine gave written notice to the defendants pursuant to Rule 902(11), *Fed.R.Evid.*, of its intent to offer the Dropbox records into evidence at trial. Intermarine also proposed a stipulation as to the Dropbox records, in order to obviate the need for Dropbox's deposition. Intermarine also proposed a stipulation regarding the Dropbox records, attached as Exhibit 6.

15. Defendant Spliethoff replied by letter dated August 6, 2015, that it would not enter a stipulation regarding the Dropbox records, and that it disputed their authenticity and admissibility. Spliethoff's letter is attached as Exhibit 7. By letter dated August 13, 2015, Intermarine followed up with Spliethoff on its position whether the Dropbox records are self-authenticating records of Dropbox's regularly conducted activity which under Rules 803(6)(A)-(C) and 902(11), *Fed. R. Civ. P.* require no extrinsic evidence of *authenticity* in order to be admitted at trial. Intermarine's follow up letter is attached as Exhibit 8. To date, Spliethoff has not responded.

16. Defendant Bihlet never replied to Intermarine's letter of August 4, 2014, and Intermarine followed up by letter dated August 13, 2015, attached as Exhibit 9. To date, Bihlet has not responded to either letter.

17. As detailed in the declaration of John Tyler, Intermarine and Dropbox conferred regarding Intermarine's request for Dropbox's corporate deposition under Rule 30(b)(6), *Fed.R.Civ.P.*

18. Dropbox never raised or conferred about any issue regarding privileged or protected information. Instead, Dropbox proposed several alternative methods by which it contended Intermarine could introduce the Dropbox records at trial. Based on my experience as a federal court litigator, I do not consider these suggestions viable, particularly in light of defendants' opposition to the admissibility of the Dropbox records.

19. The topics in Intermarine's deposition notice are narrowly tailored, designed to procure testimony to establish the admissibility of the Dropbox records, and do not seek expert testimony or proprietary information.

20. Intermarine's Topics 1-5 seek very general background information regarding Dropbox, in order to lay the foundation for admissibility of the Dropbox records. For example, Topic 1 can be fully answered with testimony like the first sentence of Dropbox's brief, "Dropbox provides a popular document storage and sharing service through which users can collaboratively save, share, and edit documents stored 'in the cloud.'" [1] The question and answer needed to elicit this information in evidentiary format will take about 1 minute. Intermarine anticipates approximately 1 question per topic, with testimony for all five topics likely to last 5-7 minutes. Topics 6-9(e) and 9(g) seek testimony to authenticate the records under Rule 902, *Fed.R.Civ.P.,* and to establish the hearsay exception in Rule 803, *Fed.R.Civ.P.* Intermarine anticipates approximately 5-10 minutes of testimony on these topics. Topics 9(f) and 10-12 simply seek the contents of the explanatory text files in testimony form, which will be admissible at trial. Intermarine anticipates approximately 5-10 minutes of testimony on these topics.

21. Intermarine advised Dropbox verbally and in writing that the deposition would likely take no more than 45 minutes. *See e.g.*, Exhibit 10.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on August 14, 2015.                    */s/ Cecily L. Kaffer*
                                                Cecily L. Kaffer

---

[1] Topic 1. Whether Dropbox provides a personal cloud storage service which may be used to store and/or share files.

*Cecily L. Kaffer's Declaration Regarding*
*Plaintiff's Opposition to Non-Party Dropbox's Motion to Quash*
3:15-mc-80211-MEJ                                                                 5