1

2

3

4    UNITED STATES DISTRICT COURT

5    NORTHERN DISTRICT OF CALIFORNIA

6

7    INTERMARINE, LLC,

           Plaintiff,                          Case No.  15-mc-80211-MEJ

8                                              (S.D. Tex. Case No. 4:14-CV-00145)
         v.
9                                              **ORDER RE: MOTION TO QUASH**
     SPLIETHOFF                                **SUBPOENA**
10   BEVRACHTINGSKANTOOR, B.V., et al.,
                                               Re: Dkt. No. 1
11         Defendants.

12

13                               **INTRODUCTION**

14         Non-party Dropbox, Inc., which is located in this District, has received a Subpoena to

15   Testify at a Deposition in *Intermarine, LLC v. Spliethoff Bevrachtingskantoor, B.V.*, 4:14-CV-

16   00145, currently pending in the United States District Court for the Southern District of Texas (the

17   "Texas Court").  Dropbox now moves for an order quashing the Deposition Subpoena.  Dkt. No.

18   1.  Having considered the parties' positions, relevant legal authority, and the record in this case,

19   the Court issues the following order.

20                               **BACKGROUND**

21         In the underlying case, Plaintiff Intermarine, LLC brings claims against Defendants

22   Spliethoff Bevrachtingskantoor, B.V., Spliethoff Americas, Inc., and Kasper Bihlet, based on the

23   alleged disclosure of Intermarine's confidential and proprietary business information and trade

24   secrets, including information stored electronically on its protected computers.  Compl. ¶ 2, Dkt.

25   No. 1, *Intermarine*, 4:14-CV-00145.[1]  Non-party Dropbox provides a document storage and

26   sharing service through which users can collaboratively save, share, and edit documents stored "in

27   _____

28   [1] The Court takes judicial notice of documents in the Texas case.  Fed. R. Evid. 201(b); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

*United States District Court*
*Northern District of California*

the cloud."  Mot. at 1.

On October 31, 2014, Dropbox  received a subpoena from Intermarine demanding it produce records associated with Bihlet's Dropbox account, accompanied by a written consent form.  Tyler Decl., Ex. A, Dkt. No. 2.  On November 14, 2014, Dropbox sent a letter to Bihlet's attorney objecting to the subpoena, arguing it improperly sought the content of communications in violation of the Stored Communications Act, 18 U.S.C. § 2702(a)(l), (2), and that a written consent form was insufficient to establish ownership of the account.  *Id.*, Ex. B.

On December 19, 2014, Intermarine filed an "Unopposed Motion to Compel Discovery from Non-Party," requesting an order compelling Dropbox to produce the requested documents. Dkt. No. 58 in *Intermarine*, 4:14-CV-00145.  On February 27, 2015, the Texas Court granted Intermarine's request, stating, "Dropbox has not responded to the subpoena."  Dkt. No. 92 in *Intermarine*, 4:14-CV-00145.  Dropbox states it received the order on March 3, 2015.  Mot. at 2. On March 9, it sent a letter to Intermarine, reiterating its objections and noting the order was improperly issued under Federal Rule of Civil Procedure 45, which requires such orders to issue from the court for the district where compliance is required Court.  Tyler Decl., Ex. D. Intermarine, Dropbox, and Bihlet subsequently agreed to a consent stipulation allowing Dropbox to produce Bihlet's records directly to him pursuant to his express consent.  *Id.*, Ex. E.  Dropbox did so on May 19, 2015.  Tyler Decl. ¶ 7.

On July 2, 2015, Dropbox received a deposition notice from Intermarine, directing Dropbox to designate one or more employees as Persons Most Knowledgeable regarding 12 deposition topics and 26 subtopics.  *Id.*, Ex. F.  Dropbox sent Intermarine a letter objecting to the deposition notice but offering to provide a certificate of authenticity signed by a Dropbox records custodian sufficient for Intermarine to authenticate the records at issue.  *Id.*, Ex. G.  On July 24, 2015, Intermarine followed up with a request for the custodian affidavit, which Dropbox sent on July 27, 2015.  *Id.*, Exs. H-I.

On July 27, 2015, Intermarine served Dropbox with the subject Deposition Subpoena, directing Dropbox to appear at a deposition on August 6, 2015.  *Id.*, Ex. J.  The parties agreed to change the date of the deposition to August 25, 2015.  *Id.*, Exs. K-L.  Dropbox then brought the

1   present motion on August 6, 2015.  Intermarine filed an Opposition on August 14, 2015.  Dkt. No.

2   8.  After reviewing the parties' briefs, the Court ordered the parties to meet and confer to see if

3   they could reach a resolution.  Dkt. No. 10.  Unable to resolve the dispute, the parties filed a joint

4   status letter.  Dkt. No. 13.  The Court held a hearing on August 20, 2015.

5                                    **LEGAL STANDARD**

6           Federal Rule of Civil Procedure 45 governs discovery of non-parties by subpoena.  Rule 45

7   provides that a party may command a non-party to testify at a deposition and produce designated

8   documents, electronically stored information, or tangible things in that person's possession,

9   custody, or control.  Fed. R. Civ. P. 45(a)(1)(A)(iii).  The scope of discovery through a subpoena

10  under Rule 45 is the same as the scope of discovery permitted under Rule 26(b).  *Beinin v. Ctr. for*

11  *Study of Popular Culture*, 2007 WL 832962, at *2 (N.D. Cal. Mar. 16, 2007) (citing *Truswal Sys.*

12  *Corp. v. Hydro Air Eng'g Inc.*, 813 F.2d 1207, 1209-12 (Fed. Cir. 1987)).

13          To determine whether a subpoena should be enforced, the Court is guided by Rule 45,

14  which protects a subpoenaed party from "undue burden," and Rule 26, which provides that the

15  Court must limit discovery if "the discovery sought . . . can be obtained from some other source

16  that is more convenient, less burdensome, or less expensive" or if "the burden or expense of the

17  proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 45(d)(1); Fed. R. Civ. P.

18  26(b)(2)(C)(i).  A party or lawyer responsible for issuing and serving a subpoena therefore must

19  take reasonable steps to avoid imposing undue burden or expense on a person subject to the

20  subpoena.  Fed. R. Civ. P. 45(c)(1).  In turn, the Court "must protect a person who is neither a

21  party nor a party's officer from significant expense resulting from compliance."  Fed. R. Civ. P.

22  45(d)(2)(B)(ii).  The Court may modify or quash a subpoena that subjects a person to undue

23  burden.  Fed. R. Civ. P. 45(d)(3)(A)(iv).

24                                      **DISCUSSION**

25          Dropbox argues the Deposition subpoena should be quashed for several reasons.  First, it

26  notes the Deposition Subpoena requires Dropbox to designate one or more corporate

27  representatives to explain Dropbox's business, its practices, its technology, and its data, yet this

28  information is not at issue in the Texas litigation and is already available on Dropbox's website.

United States District Court
Northern District of California

3

1   Mot. at 1.  Second, Dropbox notes the Deposition Subpoena demands it provide one or more

2   corporate representatives to provide testimony on the nature and format of Dropbox's data and

3   document production, which can more easily be accomplished by declaration under the Federal

4   Rules of Evidence.  *Id.*  Finally, Dropbox notes it has over 400 million users, who collectively

5   save more than 1.2 billion files to Dropbox every 24 hours, and it cannot reasonably be expected

6   to provide testimony every time a Dropbox file or folder is at issue in a case.  *Id.*

7          In response, Intermarine states the Dropbox records include both documents created by

8   Dropbox and documents that were uploaded by Bihlet.  Jt. Ltr. at 5.  It notes Dropbox created four

9   logs of the file activity in Bihlet's account, and those logs (produced in csv format) rely on a

10   handful of codes.  *Id.*  While Intermarine's employees can testify that the documents uploaded to

11   Bihlet's Dropbox contained Intermarine's trade secrets and confidential information, Intermarine

12   contends only Dropbox can explain the logs and the codes.  *Id.*  Intermarine also seeks the

13   testimony because Defendants dispute the authenticity of the records and would not stipulate to

14   the admission of the records into evidence.  Opp'n at 3.

15          Having reviewed the parties' arguments, the Court finds Dropbox's motion should be

16   granted.  First, the records are already admissible under Federal Rule of Evidence, and Rule

17   902(11) "was intended to obviate the need for live witnesses to parade to the stand to support the

18   admission into evidence of business records."  *United Asset Coverage, Inc. v. Avaya Inc.*, 409 F.

19   Supp. 2d 1008, 1052 (N.D. Ill. 2006); *see also DirecTV, Inc. v. Reyes*, 2006 WL 533364, at *3

20   (N.D. Ill. Mar. 2, 2006) (quoting Fed. R. Evid. 902 advisory committee notes (2000 amendments))

21   ("[t]he purpose of Rule 902(11) . . . is to establish a 'procedure by which parties can authenticate

22   certain records of regularly conducted activity, other than through the testimony of a foundation

23   witness'").  Dropbox attests the records were kept in the course of regularly conducted activity by

24   Dropbox and were made in the course of regularly conducted activity as a regular practice by

25   Dropbox.  *See* Tyler Decl., Ex. I; *see also* Fed. R. Evid. 803(6).  The Federal Rules of Evidence

26   were designed to promote accuracy in factfinding and exclude documents that might be false or

27   otherwise unreliable.  *See United States v. Perlmuter*, 693 F.2d 1290, 1292-93 (9th Cir. 1982)

28   ("This circuit requires strict compliance with the authenticity rules.") (citations omitted).  As

4

United States District Court
Northern District of California

1    Dropbox provided the required authentication, Intermarine's request for further testimony is

2    duplicative and unnecessarily burdensome.  Although Intermarine argues Defendants may dispute

3    the authenticity of the records at trial, they are admissible with or without Defendants'

4    cooperation.

5           Second, although Intermarine seeks Dropbox's testimony to explain the records, it admits

6    Dropbox's production included "text files explaining the produced records" that Intermarine's

7    witnesses may use with the other records already in Intermarine's possession to "establish that

8    [Defendant] Bihlet uploaded his entire Intermarine directory to [his] Dropbox [account] for the

9    purpose of sharing it with his new employer."  Opp'n at 4-5.  To the extent Intermarine desires

10   testimony beyond that, Bihlet, whose Dropbox user account is the subject of the dispute, is the

11   best witness to testify concerning his Dropbox account, the files he stores there, and the files he

12   deleted.  Testimony from Dropbox is therefore unnecessary.

13          Third, as to information Intermarine seeks regarding what Dropbox is and how files are

14   stored and maintained, in addition to the information already produced, Dropbox has it is available

15   on its website through the Dropbox Help Center.  Tyler Decl., Ex. J.  Because this information is

16   publicly available, Intermarine or its expert could review the Dropbox website in order to provide

17   testimony, or the Texas Court could take judicial notice of the same.  *See Datel Holdings Ltd. v.*

18   *Microsoft Corp.*, 712 F. Supp. 2d 974, 984 (N.D. Cal. 2010) (taking judicial notice of Microsoft

19   website describing software policies).  Intermarine is not entitled to elicit expert testimony from

20   Dropbox, particularly where it can retain its own expert witness to explain these issues.  Dropbox

21   notes that much of this information is also provided in a readme file that was contained in the

22   production, which Intermarine or its expert could review in order to provide testimony.  Mot. at 8.

23   "[J]ust because a party wants to make a person work as an expert does not mean that, absent the

24   consent of the person in question, the party generally can do so."  *Young v. United States*, 181

25   F.R.D. 344, 346 (W.D. Tex. 1997); *see also Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d

26   792, 814 (9th Cir. 2003) (upholding district court order quashing subpoena for improper expert

27   testimony from non-party); *Kim v. NuVasive, Inc.*, 2011 WL 3844106, at *4-5 (S.D. Cal. Aug. 29,

28   2011) (quashing demand for expert testimony from a non-party in order to protect expert from

5

being required to provide expert advice or assistance without proper compensation).

Finally, the Court notes that "the Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts." *High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995).  As a nonparty with no interest in the underlying litigation, Dropbox has already complied with the Federal Rules of Evidence and should therefore not be required to provide further testimony.  The Court notes Dropbox is a company which provides document storage and sharing service for documents it does not create; it should not bear the burden of providing testimony in all cases in which such records are at issue. *See O'Grady v. Superior Ct.*, 139 Cal. App. 4th 1423, 1446 (2006) ("Responding to . . . routine subpoenas would indeed be likely to impose a substantial new burden on service providers."); *Calcor Space Facility, Inc. v. Superior Ct.*, 53 Cal. App. 4th 216, 225 (1997) ("As between parties to litigation and nonparties, the burden of discovery should be placed on the latter only if the former do not possess the material sought to be discovered.").

## CONCLUSION

Based on the analysis above, the Court **GRANTS** Dropbox's Motion to Quash.

**IT IS SO ORDERED.**

Dated: August 20, 2015

_____
MARIA-ELENA JAMES
United States Magistrate Judge

United States District Court
Northern District of California

6